**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | |
|---|---|
| MURRAY C. TURKA, on Behalf of Himself and All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>SOUTH CAROLINA PUBLIC SERVICE AUTHORITY and LONNIE N. CARTER,<br><br>                  Defendants, | Case No. 2:19-cv-01102-RMG<br><br>CLASS ACTION<br><br>**JOINT RULE 26(f) REPORT AND LOCAL RULE 26.03 DISCLOSURES** |

The parties, having consulted pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26.03 DSC, and the Court's Conference and Scheduling Order dated April 16, 2020, hereby report as follows:

☐ We agree that the schedule set forth in the Conference and Scheduling Order filed is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☒ We agree that the schedule set forth in the Conference and Scheduling Order filed requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☐ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

**JOINT RULE 26(f) REPORT**

The parties have held various telephonic conferences and had other discussions concerning matters covered by Rule 26(f) prior to the submission of this report, including a telephonic Rule 26(f) conference on May 6, 2020 (the "Rule 26(f) Conference"). Christopher L. Nelson and James M. Ficaro of the Weiser Law Firm, P.C., and William E. Hopkins of the Hopkins Law Firm, LLC attended the Rule 26(f) Conference on behalf of the putative Class ("Plaintiffs"), William C. Hubbard and Robert L. Lindholm attended the conference on behalf of the South Carolina Public Services Authority ("Santee Cooper"), and Thomas E. Lydon attended the conference on behalf of Lonnie N. Carter (along with Santee Cooper, the "Defendants").

The Parties submit this Discovery Plan based on information presently known to them and in accordance with the proposed Consent Amended Scheduling Order submitted concurrently herewith as Exhibit A. At this time, the Parties have not completed their investigation of the facts underlying this lawsuit, nor have the Parties completed their discovery or preparation for trial. Accordingly, this Discovery Plan is submitted without prejudice to the Parties' right to amend, supplement, or change these disclosures pursuant to the Federal Rules of Civil Procedure and/or Local Civil Rules for the District of South Carolina. This Discovery Plan is also subject to correction for inadvertent errors or omissions or changed circumstances.

The Parties also expressly reserve all objections to the use of this Discovery Plan or any of the information or documents referenced herein for any purpose in this case or any other proceeding. By referring to individuals and documents in the Discovery Plan, the Parties make no representations regarding the relevance or admissibility of any particular information that such individuals may possess or such documents may contain. Nothing in this statement shall affect a waiver of the Parties' rights to object to any future discovery requests on any basis.

**(A)   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties do not request any changes to the timing, form, or requirement for initial disclosures under Rule 26(a)(1), and the Parties are serving their Rule 26(a)(1) initial disclosures by May 22, 2020, pursuant to the deadline in the current Scheduling Order. The Parties agree to the deadlines for Rule 26(a)(2) expert disclosures and Rule 26(a)(3) pretrial disclosures as set forth below and in the proposed Consent Amended Scheduling Order.

**(B)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focuses on particular issues.**

The Parties believe the resolution of this case may be expedited by first seeking to ascertain whether Plaintiff can certify a class. The Parties have agreed on a phased discovery approach that they believe will facilitate the efficient resolution of this case. In the first phase of discovery, which would occur prior to Plaintiff filing his class certification motion, the Parties would engage in targeted fact and expert discovery on issues relevant to class certification.

In the first phase of discovery, Santee Cooper would produce to Plaintiff the following:

- Non-exempt documents that have been previously produced in response to FOIA requests;

- Non-privileged documents that have been previously produced to the Securities and Exchange Commission ("SEC");

- Non-privileged documents relating to the drafting and dissemination of the Official Statements for the 2014, 2015, and 2016 Santee Cooper Mini-Bonds (the "Mini-Bonds");

- Non-privileged documents identifying purchasers of the Mini-Bonds (identifying information redacted), dates purchased, and amounts purchased; and

- Non-privileged documents providing information related to Santee Cooper's January 2, 2020 call of the Mini-Bonds.

3

In the first phase of discovery, Defendants would not produce any additional documents or information other than the categories specified above nor would there be any depositions of any present or former employees of Santee Cooper, including Lonnie Carter, unless such documents or deposition(s) would refer or relate to issues of class certification.

In the first phase of discovery, Defendants will serve requests for production, interrogatories, and requests for admission on Plaintiff and any other class representatives that may be added through amendment or identified by Plaintiff as a potential class representative. Defendants will also depose the named Plaintiff and any other class representatives that may be added through amendment or identified by Plaintiff as a potential class representative.

Furthermore, with respect to any experts on whom the Parties intend to rely to support or oppose class certification, the Parties anticipate that there will be expert disclosures and expert discovery, including depositions, during the first phase.

The second phase of discovery would occur after this Court's decision on Plaintiff's class certification motion, and the Parties would submit to this Court a proposed scheduling order after that decision that would take into account the Court's class certification decision and any additional discovery needed in the case.

Accordingly, the Parties request completion of discovery according to the time periods outlined in the proposed Consent Amended Scheduling Order submitted contemporaneously herewith.

**(C)     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

None.  The Parties have exchanged correspondence on the form of production and do not currently anticipate any issues.

    **(D)**    **Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.**

The Parties have agreed to a Confidentiality Order which the Parties will submit to this Court for approval. Otherwise, the Parties are not aware of any special issues with respect to claims of privilege or work-production protection.

    **(E)**    **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Other than the proposed discovery discussed above, the Parties do not request any additional changes or limitations.

    **(F)**    **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties request the entry of the proposed Consent Amended Scheduling Order and the proposed Consent Confidentiality Order, both of which are submitted contemporaneously herewith.

## JOINT RESPONSES TO LOCAL RULE 26.03

**1.     A short statement of the facts of the case.**

**PLAINTIFF'S RESPONSE:**

This is a federal securities class action brought on behalf of purchasers of Santee Cooper mini-bonds ("Mini-Bonds") between May 1, 2014 and July 31, 2017 for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule l0b-5 promulgated thereunder. The Mini-Bonds were sold and marketed exclusively to residents of South Carolina, customers of the South Carolina Public Service Authority, and electric

customers of the Bamberg Board of Public Works, South Carolina and the City of Georgetown, South Carolina.

In May 2008, Santee Cooper reached an agreement with SCANA Corporation ("SCANA") as joint owners to build two new nuclear reactors at the V.C. Summer site (the "Nuclear Project").

In the fall of 2015, Santee Cooper received an assessment from Bechtel Corporation ("Bechtel") on the status of the Nuclear Project. Bechtel's assessment revealed the Nuclear Project was far behind schedule and plagued with by mismanagement. On July 31, 2017, SCANA and Santee Cooper announced that they would abandon construction of the Nuclear Project.

The Action alleges Defendants knew the Nuclear Project was in jeopardy for years prior to announcing its abandonment. Defendants knew that the Nuclear Project's failure would sacrifice critical tax credits Santee Cooper would need to fulfill its debt obligations. Defendants also knew that omitted information was material to purchasers of Santee Cooper Mini-Bonds. Despite this knowledge, Plaintiff alleges Defendants chose to actively conceal this information from Mini-Bond holders and purchasers.

**DEFENDANTS' RESPONSE:**

In this case, Plaintiff asserts federal securities fraud claims against Santee Cooper and its former CEO, Lonnie N. Carter, on behalf of a putative class of purchasers of Santee Cooper Mini-Bonds between May 1, 2014 and July 31, 2017. Plaintiff alleges that statements in the following two paragraphs of the Official Statements for the 2014, 2015, and 2016 Santee Cooper Mini-Bond offerings were false and misleading:

> Nuclear Construction - Risk Factors. The construction of large generating plants such as Summer Nuclear Units 2 and 3 involves significant financial risk. Delays

6

or cost overruns may be incurred as a result of risks such as (a) inconsistent quality of equipment, materials and labor, (b) work stoppages, (c) regulatory matters, (d) unforeseen engineering problems, (e) unanticipated increases in the costs of materials and labor, (f) performance by engineering, procurement, or construction contractors, and (g) increases in the cost of debt.  Moreover, no nuclear plants have been constructed in the United States using advanced designs such as the Westinghouse AP 1000 reactor.  Therefore, estimating the cost of construction of any new nuclear plant is inherently uncertain.

To mitigate risk, SCE&G, acting for itself and as agent for the Authority, provides project oversight for Summer Nuclear Units 2 and 3 through its New Nuclear Deployment ("NND") business unit.  The Authority provides dedicated on-site personnel to monitor and assist NND with the daily oversight of the project.  The managerial framework of the NND group is comprised of in-house nuclear industry veterans who lead various internal departments with expertise in: nuclear operations, engineering, construction, maintenance, quality assurance and nuclear regulations.

ECF No. 1 at ¶ 95.

Plaintiff alleges that Defendants are liable to Plaintiff and the putative class under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule l0b-5 promulgated thereunder. Defendants deny liability, deny that Plaintiff has stated a claim, and deny that any class should be certified.  Defendants provided a more detailed discussion of the nature and background of this case in their memorandum in support of their motion to dismiss, *see* ECF No. 13-1, and Defendants incorporate this discussion herein by reference.

**2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**RESPONSE:**

Plaintiff's Witnesses

| **Name, Position** | **Expected Testimony** |
|---|---|
| 1.     Lonnie N. Carter, Defendant  2.     W. Leighton Lord, III, Director of Santee Cooper during the Class Period. | Each of the prospective deponents are expected to testify regarding: (1) when Santee Cooper became aware that the Nuclear Project was in jeopardy; (2) the |

7

| | |
|---|---|
| 3.  William A. Finn Director of Santee Cooper during the Class Period, <br><br> 4.  Barry D. Wynn, Director of Santee Cooper during the Class Period <br><br> 5.  Kristofer D. Clark, Director of Santee Cooper during the Class Period. <br><br> 6.  Merrell W. Floyd, Director of Santee Cooper during the Class Period. <br><br> 7.  J. Calhoun Land IV, Director of Santee Cooper during the Class Period. <br><br> 8.  Peggy H. Pinnell, Director of Santee Cooper during the Class Period <br><br> 9.  Dan J. Ray, Director of Santee Cooper during the Class Period <br><br> 10.  Alfred L. Reid, Jr., Director of Santee Cooper during the Class Period. <br><br> 11.  David F. Singleton, Director of Santee Cooper during the Class Period. <br><br> 12.  Jack F. Wolfe, Jr., Director of Santee Cooper during the Class Period <br><br> 13.  Jeffrey D. Armfield, Senior Vice President and Chief Financial Officer of Santee Cooper <br><br> 14.  J. Michael Baxley, Sr., Senior Vice President and General Counsel, of Santee Cooper <br><br> 15.  Michael R. Crosby, Senior Vice President, Nuclear Energy <br><br> 16.  Craig Albert, President of Bechtel Nuclear, Security & Environmental | decision to omit material information regarding the Nuclear Project from the Mini-Bond Official Statement and /or (3) the pricing of the Mini-Bonds during the Class Period. |

8

| 17. Kevin B. Marsh, former CEO of SCANA | |

### Defendants' Witnesses

Because discovery has not yet begun, Defendants cannot identify all fact witnesses likely to be called in this matter or identify their expected testimony. Defendants, however, identify the following witnesses who are likely to be called by Defendants and the expected testimony of each such witness.

| Name | Brief Summary of Expected Testimony |
|---|---|
| Murray C. Turka | Mr. Turka is believed to have knowledge of his purchase of Santee Cooper mini-bonds and facts related to the allegations of the Complaint. |
| Lonnie Carter | Mr. Carter was the former President and Chief Executive Officer of Santee Cooper from 2004 to 2017. In this capacity, he is expected to have knowledge regarding management of the Project and Santee Cooper's involvement in the construction and suspension of the Project, including facts related to the allegations of the Complaint. |
| Michael Crosby | Mr. Crosby is expected to have knowledge regarding management of the Project and the construction and suspension of the Project, including facts related to the allegations of the Complaint. |
| Marion Cherry | Mr. Cherry is expected to have knowledge regarding management of the Project, day-to-day operations at the Project, and the construction and suspension of the Project, including facts related to the allegations of the Complaint. |
| Suzanne Ritter | Ms. Ritter is expected to have knowledge regarding financing for public power utilities, including for construction of V.C. Summer Project Units 2 and 3, and also advertisement and sale of mini-bonds. |
| Santee Cooper Personnel | Various current and former Santee Cooper personnel may have knowledge regarding the facts of this case, including management of the Project, disclosures related to the Project, the allegations of the Complaint, and advertisement and sale of mini-bonds. |
| SCANA Personnel | Various current and former SCANA personnel may have knowledge regarding the facts of this case, including |

9

| Name | Brief Summary of Expected Testimony |
|---|---|
|  | SCANA's management of and involvement in the construction and suspension of the Project, Project disclosures, and facts related to the allegations of the Complaint. |
| SCE&G Personnel | Various current and former SCE&G personnel may have knowledge regarding the facts of this case, including SCE&G's management of and involvement in the construction and suspension of the Project, Project disclosures, and facts related to the allegations of the Complaint. |
| Any persons listed by any party in this case as a fact witness likely to be called. | Upon information and belief, the persons who Plaintiffs or Lonnie Carter may list who are within this description will have the knowledge as indicated by such parties. |

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**PLAINTIFF'S RESPONSE:**

Plaintiff will present testimony from a damages expert(s) with a concentration in bond pricing and loss causation.

**DEFENDANTS' RESPONSE:**

Defendants will identify any testifying expert witnesses on or before the deadline to make such disclosures in the Court's Scheduling Order, as amended. Defendants will likely disclose expert witnesses with respect to the following subject matters and fields of expertise: securities fraud, municipal bonds, financial modeling, accounting, and economics. Defendants also may disclose experts in the subject matters of any experts disclosed by Plaintiff and in areas subsequently identified by the parties, witnesses or deponents as discovery progresses.

4. **A summary of the claims or defenses with statutory and/or case citation supporting same.**

**RESPONSE:**

Summary of Plaintiff's Claims

Plaintiff seeks remedies under Section 10(b) and 20(a) of the Securities Exchange Act of 1934, and SEC Rule 10b-5 promulgated thereunder. Plaintiffs allege that Defendants misrepresented and/or failed to disclose material facts concerning the status of the Nuclear Project. Plaintiffs allege that the proposed Class of investors made purchasing decisions in reliance on Defendants' misrepresentations and/or omissions and that, when the true facts became known, the investors were damaged. Plaintiff intends to prove the elements of his Section 10(b) claims, by showing, during the Class Period, (i) a connection with the purchase or sale of Santee Cooper Mini-Bonds; (ii) a material misrepresentation or omission; (iii) scienter; (iv) reliance; and (v) loss causation. Plaintiffs further intend to prove the elements of their Section 20(a) claims by showing that Defendant Carter "controlled" Santee Cooper within the meaning of Section 20(a) of the Exchange Act.

Summary of Defendants' Defenses

Plaintiff alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act. Defendants have asserted and will assert numerous defenses to Plaintiff's claims. Defendants incorporate herein by reference all affirmative defenses asserted in their answers. *See* Defendants' Answers and Affirmative Defenses, ECF Nos. 33-34. Further, Defendants previously filed a motion to dismiss all claims asserted by Plaintiff and filed an initial memorandum and reply memorandum in support of their motion. *See* ECF Nos. 13-1 and 25. Defendants also filed a motion seeking reconsideration of the Court's Order denying Defendants' motion to dismiss. *See* ECF No. 27. Defendants incorporate herein by reference the defenses and supporting authority cited in each of these motions and memoranda. Defendants presently expect that their defenses in this action will include the following:

A. Failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

B. Neither Plaintiff nor any purported class member can establish the prerequisites for certifying a class or maintaining this action as a class action. There are not "questions of law or fact common to the [putative] class," Plaintiff's claims are not "typical of the claims . . . of the [putative] class," Plaintiff will not "fairly and adequately protect the interests of the [putative] class," Defendants' alleged actions do not "apply generally to the class," "questions of law or fact common to [putative] class members [do not] predominate over any questions affecting only individual methods," and "a class action is [not] superior to other available methods." Fed. R. Civ. P. 23(a), (b).

C. Plaintiff and the putative class members lack standing under Article III of the United States Constitution because they have not suffered an actual and concrete injury. *See* U.S. Const. Art. III, § 2; *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

D. Plaintiff and the putative class members have not suffered any actual pecuniary loss, which is a requirement for liability under Rule 10b–5. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 343–44 (2005). Plaintiff and the putative class members bought Santee Cooper Mini-Bonds with the expectation of receiving a stream of interest payments and a later return of principal, and these expectations were not disappointed. Plaintiff's theory that he lost the opportunity to obtain more interest is both speculative and, in any event, not sufficient to establish damages or loss causation for purposes of Plaintiff's claims. *See, e.g.*, *In re Citigroup Auction Rate Sec. Litig.*, 700 F. Supp. 2d 294, 307 (S.D.N.Y. 2009); *South Carolina v. United States*, 912 F.3d 720, 727–28 (4th Cir. 2019).

E.  Because Plaintiff did not purchase the 2015 or 2016 Mini-Bonds, Plaintiff lacks standing to assert a claim under Rule 10b–5 related to those securities.  *See, e.g.*, *Winer Family Tr. v. Queen*, 503 F.3d 319, 326 (3d Cir. 2007); *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982).

F.  Plaintiff has not adequately pleaded, and cannot prove, loss causation.  *See* 15 U.S.C. § 78u-4; *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 343–44 (2005); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471-73 (4th Cir. 2011); *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 429 (3rd Cir. 2007); *Hardin Cty. Sav. Bank v. City of Brainerd*, 602 F. Supp. 2d 1012, 1022 (N.D. Iowa 2008).

G.  Plaintiff has not adequately pleaded, and cannot prove, reliance. *See, e.g.*, *Xia Bi v. McAuliffe*, 927 F.3d 177, 184 (4th Cir. 2019); *see also* Defendants' Motion for Reconsideration, ECF No. 27 (citing authorities).  Further, Plaintiff's theory of direct reliance causes individual issues to overwhelm the common ones, making certification under Rule 23(b)(3) inappropriate.  *See, e.g.*, *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014); *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 364 (4th Cir. 2004).  Plaintiff has not alleged indirect reliance, and Plaintiff cannot establish that he or the putative class members are entitled to any presumption of reliance.

H.  Plaintiff's claims fail because the statements Plaintiff alleges as material misrepresentations are true, are not misleading, are not material, and/or are risk disclosures that are inherently prospective in nature.  *See, e.g.*, *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650 (4th Cir. 2004); *Longman v. Food Lion*, 197 F.3d 675 (4th Cir. 1999); *Hillson Partners Ltd. P'ship v. Adage, Inc.*, 42 F.3d 204 (4th Cir. 1994); *In re Virtus Inv. Partners, Inc. Sec. Litig.*, 195 F. Supp. 3d 528, 538 (S.D.N.Y. 2016). Further,

Defendants had no duty to disclose the information that Plaintiff alleges Defendants failed to disclose. *See Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988).

I. Plaintiff has not adequately pleaded, and cannot prove, scienter. *See, e.g.*, *Maguire Fin. LP v. PowerSecure Int'l, Inc.*, 876 F.3d 541, 546–47 (4th Cir. 2017); *Anderson v. Spirit Aerosystems Holdings, Inc.*, 827 F.3d 1229, 1250 (10th Cir. 2016). Plaintiff cannot prove that Defendants' alleged misrepresentations constitute intentional misconduct or recklessness. *See Ottmann v. Hanger Orthopedic Grp., Inc.*, 353 F.3d 338, 344 (4th Cir. 2003). Any malicious intent that could be inferred from Plaintiff's allegations is outweighed by an opposing innocent inference. *See, e.g.*, *Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874, 885 (4th Cir. 2014).

J. Plaintiff's Section 20(a) claim against Lonnie Carter fails because Plaintiff has failed to state, and cannot prove, a cause of action for violation of Section 10(b) or Rule 10b–5. *See, e.g.*, *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 656 n.7 (4th Cir. 2004). Moreover, Mr. Carter is not liable because he at all relevant times acted in good faith. *See, e.g.*, *Dellastatious v. Williams*, 242 F.3d 191, 194 (4th Cir. 2001); *see also* 15 U.S.C. § 78t(a).

K. To the extent Plaintiff suffered any damages—which is denied—Plaintiff failed to mitigate his damages. *See McCall v. IKON*, 380 S.C. 649, 662, 670 S.E.2d 695, 702 (Ct. App. 2008).

L. To the extent Plaintiff suffered any damages—which is denied—such damages were caused by unforeseen intervening or superseding events for which Defendants are not responsible. *See, e.g.*, *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 812–13

(2011); *Collins & Sons Fine Jewelry, Inc. v. Carolina Safety Sys., Inc.*, 296 S.C. 219, 228, 371 S.E.2d 539, 544 (Ct. App. 1988).

M.  As a matter of law, Plaintiff is not entitled to recovery of attorney's fees or expert's fees. *See SIB Dev. & Consulting, Inc. v. Save Mart Supermarkets*, 271 F. Supp. 3d 832, 833 (D.S.C. 2017).

5.  **Absent special circumstances from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

    **(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**
    **(b) Completion of discovery.**

**RESPONSE:**

(a)  The Parties agree to the expert disclosure deadlines set forth in the proposed Consent Amended Scheduling Order for the first phase of discovery.

(b)  The Parties agree to the discovery deadline set forth in the proposed Consent Amended Scheduling Order for the first phase of discovery.

6.  **The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.**

**RESPONSE:** At this time, the Parties are not aware of any special circumstances.

7.  **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

Pursuant to the Special Instructions for cases before Judge Richard M. Gergel, the parties have completed the mediation form and have attached it as Exhibit B to this Report.

*[SIGNATURE PAGE ATTACHED]*

15

Dated: May 22, 2020

| | |
|---|---|
| **HOPKINS LAW FIRM, LLC** | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |

By:  /s/ William E. Hopkins
    William E. Hopkins
    Federal Bar No. 6075
    12019 Ocean Highway
    P.O. Box 1885
    Pawleys Island, SC 29585
    Tel.: (843) 314-4202
    bill@hopkinsfirm.com

**THE WEISER LAW FIRM, P.C.**
    Christopher L. Nelson
    James M. Ficaro
    22 Cassatt Avenue
    Berwyn, PA 19312
    Tel.: (610) 225-2677
    cln@weiserlawfirm.com
    jmf@weiserlawfirm.com

By:   /s/Patrick C. Wooten
    William C. Hubbard
    Federal Bar No. 1988
    E-Mail: william.hubbard@nelsonmullins.com
    B. Rush Smith III
    Federal Bar No. 5031
    E-Mail: rush.smith@nelsonmullins.com
    Carmen Harper Thomas
    Federal Bar No. 10170
    E-Mail: carmen.thomas@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

    Patrick C. Wooten
    Federal Bar No. 10399
    E-Mail: patrick.wooten@nelsonmullins.com
    151 Meeting Street, 6th Floor
    Charleston, SC 29401
    (843) 534-4102

    Robert L. Lindholm (*Pro Hac Vice*)
    Federal Bar No. 52800
    E-Mail: robert.lindholm@nelsonmullins.com
    One Wells Fargo Center, 23rd Floor
    301 South College Street
    Charlotte, NC 28202
    (704) 417-3000

    *Attorneys for South Carolina Public Service Authority*

**McANGUS, GOUDELOCK & COURIE, L.L.C.**

/s/ Thomas E. Lydon
Thomas E. Lydon
District Court ID # 1056
Post Office Box 12519, Capitol Station
Columbia, South Carolina 29211-2519
(803) 779-2300
tlydon@mgclaw.com

*Attorney for Defendant Lonnie N. Carter*

17