# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MURRAY C. TURKA, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No.  2:19-cv-1102-RMG |
| Plaintiffs, | ) ) | |
| v. | ) ) | **SETTLEMENT AGREEMENT AND RELEASE** |
| SOUTH CAROLINA PUBLIC SERVICE AUTHORITY and LONNIE N. CARTER, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This Settlement Agreement ("Settlement Agreement" or "Agreement") is made and entered into as of the Execution Date, between Plaintiff Murray C. Turka ("Plaintiff"), on his behalf and on behalf of the Settlement Class, as defined herein, and Defendant South Carolina Public Service Authority ("Santee Cooper") and Defendant Lonnie N. Carter ("Carter") (collectively, "Defendants").  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Agreement is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Claims.

## RECITALS[1]

WHEREAS, on April 15, 2019, Plaintiff filed a class action complaint in the United States District Court for the District of South Carolina, captioned *Murray C. Turka, on Behalf of Himself and All Others Similarly Situated v. South Carolina Public Service Authority and Lonnie C. Carter*, Civil Action No. 2:19-cv-1102-RMG, alleging violations of federal securities laws related to Santee Cooper's Mini-Bonds and the V.C. Summer Nuclear Units 2 and 3 Project (the "Action");

---

[1] Capitalized terms used in the Recitals and the foregoing paragraph shall, unless otherwise defined in the Recitals, have the meanings set forth in Section I ("Definitions") of the Settlement Agreement.

WHEREAS, Plaintiff asserts claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Carter under Section 20(a) of the Exchange Act;

WHEREAS, Plaintiff alleges, among other things, that Defendants made false and misleading statements and concealed and failed to disclose certain information in Santee Cooper's Mini-Bond offering documents for 2014, 2015, and 2016 regarding the construction of Units 2 and 3 in the V.C. Summer Nuclear Project (the "Project").  Plaintiff alleges that as a result, the interest rates of Mini-Bonds were artificially depressed during the Class Period and, therefore, Plaintiff and Class Members received artificially deflated interest payments for the Mini-Bonds;

WHEREAS, as of January 1, 2020, Santee Cooper redeemed the Mini-Bonds, and accordingly, Plaintiff and Class Members received the full amount of interest and principal owed under the written terms of the Mini-Bonds;

WHEREAS, on October 21, 2020, the Parties commenced a mediation in person, before the Honorable Jean H. Toal, retired Chief Justice, and continued negotiation and mediation thereafter, resulting in an agreement to resolve the matter as set forth herein;

WHEREAS, Defendants have denied and continue to deny the material allegations in the Action, have denied and continue to deny any wrongdoing and any liability to Plaintiff or any Class Member, in any amount, in connection with the claims asserted in the Action, have denied that class certification is required or appropriate, and contend that they would prevail in the Action;

WHEREAS, before and during the litigation of this Action and during negotiation of the Settlement provided for in this Agreement, Class Counsel conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the claims to be resolved in this Settlement and how to best serve the interests of the putative class in the Action;

WHEREAS, Plaintiff, individually and on behalf of the Settlement Class, and Class Counsel desire to settle all claims against Defendants within the scope of the Release set forth herein, having engaged in litigation, motions practice, discovery, and mediation, and recognizing the risks, delay, and difficulties involved in establishing liability; the defenses to the claims; the likelihood of recovery in excess of that offered by this Settlement Agreement; and the likelihood that the Action could be protracted and expensive; and, based on their evaluation of these factors, Plaintiff and Class Counsel have determined that settlement is in the best interests of the Settlement Class;

WHEREAS, although Defendants deny any wrongdoing and any liability to Plaintiff and the Settlement Class and have asserted numerous defenses, including that their actions were and are in compliance with state and federal law, Defendants believe that it is desirable and in their best interests to settle the Action in the manner and upon the terms and conditions provided for in this Settlement Agreement in order to avoid the further expense, inconvenience, and distraction of litigation, and in order to put to rest the claims that are resolved by the Settlement;

WHEREAS, after having had a full and fair opportunity to evaluate their respective positions, the Parties have agreed on all terms and conditions of this Settlement Agreement through arms-length negotiations between their respective counsel;

WHEREAS, the Parties agree that the fact of this Agreement, any of the terms in this Agreement, any documents filed in support of this Agreement, or any statement made in the negotiation thereof shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law, (ii) any liability or wrongdoing, (iii) liability on any of the claims or allegations in the Action, or (iv) the propriety of certifying a litigation class in any proceeding, and shall not be used by any Person for any purpose whatsoever in the Action or any other legal

proceeding, including but not limited to arbitrations, other than a proceeding to enforce the terms of this Agreement; and

NOW, THEREFORE, in consideration of the foregoing and the covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged herein, Plaintiff, individually and as representative of the Settlement Class, and Defendants agree that the Action and the claims described in the Release shall be fully and finally compromised, settled, and released and that the Action shall be dismissed with prejudice, subject to the approval by the Court of the Settlement.

## I.  DEFINITIONS

In addition to the terms defined above and terms that may be defined herein, the following terms are used in this Settlement Agreement and exhibits attached hereto:

A.     "Attorney Fee/Litigation Cost Award" means the award for attorneys' fees and litigation costs, if any, made to Class Counsel by the Court upon application pursuant to Section V.

B.     "Authorized Recipient" means any Class Member who, in accordance with the terms of this Agreement, is entitled to a distribution consistent with the Distribution Plan and order of the Court.

C.     "Class Counsel" means Lead Counsel and Liaison Counsel, Christopher L. Nelson and James M. Ficaro of The Weiser Law Firm, P.C., and William E. Hopkins of Hopkins Law Firm, LLC, respectively.

D.     "Class Member(s)" means a Person who meets the definition of the Settlement Class and who is not a Successful Opt-Out.

E.     "Class Period" means May 1, 2014 through July 31, 2017.

F.    "Court" means the United States District Court for the District of South Carolina, Charleston Division, and such judge of the same court or other federal court to whom the Action may hereafter be assigned.

G.    "Day(s)" has the meaning ascribed to it in Federal Rule of Civil Procedure 6, and all time periods specified in this Agreement shall be computed in a manner consistent with Fed. R. Civ. P. 6.

H.    "Defendants' Counsel" means Robert L. Lindholm, B. Rush Smith III, and Carmen H. Thomas of Nelson Mullins Riley & Scarborough LLP, counsel for Santee Cooper; and Thomas E. Lydon of McAngus, Goudelock, & Courie, LLC, counsel for Carter.

I.    "Distribution Plan" means the plan for allocating the Settlement Benefit whereby the Settlement Benefit shall in the future be distributed to Authorized Recipients, to be approved by the Court in the manner outlined in the Long Notice.

J.    "Effective Date" means the first date by which all of the following events and conditions have occurred:

1.    Defendants no longer having any right to terminate this Agreement, nor there being a possibility of termination of this Agreement, under Section VI.J or, if any Defendant does have such right, Defendant has given written notice to Class Counsel that it will not exercise such right.

2.    The Court has finally approved the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement following notice to the Settlement Class and a hearing, and has entered the Final Approval Order in the Action;

3.      The Released Claims are dismissed with prejudice pursuant to the Final Approval Order; and

4.      Either: (i) thirty (30) Days have passed after the Court's entry of the Final Approval Order and no appeal is taken as to the Final Approval Order and no motion or other pleading has been filed with the Court to set aside or in any way alter the judgment or orders of the Court finally approving of the Settlement or toll the time for appeal of such orders, or (ii) all appeals, reconsideration, rehearing, or other forms of review and potential review of the Court's orders and judgment finally approving the settlement of the Action are exhausted, and the Court's orders and judgment are upheld, without substantial alteration of the terms of this Agreement.

K.      "Execution Date" means the latest date associated with a signature on a fully executed Agreement set forth on the signature pages below.

L.      "Exclusion Deadline" means the deadline for requesting exclusion from the Settlement Class, as set forth in the Notice to the Settlement Class, and which shall be no later than sixty (60) Days after the Preliminary Approval Date.

M.      "Final Approval Hearing" means the final hearing, held after notice has been given to the Settlement Class and the Settlement Class has had an opportunity to object or exclude themselves from Settlement, and in any event, no earlier than ninety (90) Days after the latest date on which the appropriate Federal and State officials are served with the notice required by 28 U.S.C. 1715(b), in which the Court's order will determine whether this Settlement and Agreement should be approved as fair, reasonable, and adequate; whether the proposed Final Approval Order and

judgment should be entered; and whether Class Counsel's application for attorneys' fees and costs should be approved.

N.  "Final Approval Order" means the order and judgment, substantially in the form attached hereto as Exhibit D approving the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement and dismissing all claims in the Action with prejudice.

O.  "Incentive Award" means the amount awarded, if any, to the Lead Plaintiff upon application as described in Section V.A.2 of this Agreement.

P.  "Lead Counsel" means The Weiser Law Firm, P.C.

Q.  "Lead Plaintiff" means Murray C. Turka.

R.  "Liaison Counsel" means Hopkins Law Firm, LLC.

S.  "Mini-Bond(s)" means an interest-bearing bond sold by Santee Cooper and offered in the following offering documents:

| Offering Document | Date of Santee Cooper Mini-Bond Issuances |
|---|---|
| 2016 M1 Official Statement | May 1, 2016 |
| 2015 M1 Official Statement | May 1, 2015 |
| 2014 M1 Official Statement | May 1, 2014 |

T.  "Notice" means, collectively, the Notice of Proposed Class Action Settlement, to be posted on a unique website for the Action ("Long Notice"); and the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication ("Postcard Notice"), which, subject to approval of the Court, shall be substantially in the forms attached hereto as Exhibits B and C respectively.

U.  "Notice Plan" means the plan outlining the proposed form, method, and schedule for dissemination of notice to the Settlement Class.  Class Counsel shall include the

Notice Plan in the Motion for Preliminary Approval and shall seek the Court's approval of the Notice Plan therein.

V.  "Objection Deadline" means the deadline for submitting an objection to the Settlement or any relief provided for in connection with the Settlement, as set forth in the Notice to the Settlement Class, and which shall be no later than sixty (60) Days after the Preliminary Approval Date.

W.  "Party" means the Lead Plaintiff or Defendants individually, and "Parties" means Lead Plaintiff and Defendants collectively.

X.  "Person(s)" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any business or legal entity and any spouses, heirs, predecessors, successors, representatives, or assignees of any of the foregoing.

Y.  "Preliminary Approval" or "Preliminary Approval Order" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement, including all exhibits, as contemplated by this Agreement and substantially in the form attached hereto as Exhibit A.

Z.  "Preliminary Approval Date" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

AA.  "Release" means the release set forth in Section IV of this Agreement.

BB.  "Releasees" means Defendants and all of their past, present, and future parent entities, predecessors, successors, assigns, officers, directors, attorneys and legal

representatives, insurers,[2] vendors, agents (alleged or actual), representatives, employees, heirs, executors, affiliates, administrators, successors, and related and affiliated Persons.

CC.    "Released Claims" means any and all past, present, and future claims, cross-claims, counterclaims, lawsuits, appeals, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, whether class, individual, or otherwise in nature, including, without limitation, those known or unknown or capable of being known; those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time; those which are foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, or contingent or non-contingent; and those which are accrued, unaccrued, matured or not matured, all from the beginning of the world until the Effective Date, under the laws of any jurisdiction ("Claims"), which Releasors (or any of them) whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have, arising out of or relating in any way to this Action; the issuance of Mini-Bonds during the Class Period; Class Members' status as purchasers, owners, or holders of Mini-Bonds during the Class Period; any act or omission of the Releasees (or any of them) regarding Releasees' representations or statements about the Project as alleged in the Action; any act or omission of the Releasees (or any of them) that could have been alleged in the Action; or any act or omission of the Releasees (or any of them) that could have been alleged in another

---

[2] This does not release any insurer as to its own insured.

action directly, representatively, derivatively, or in any other capacity in another court, tribunal, or other forum regarding Class Members' purchase of Mini-Bonds during the Class Period. Released Claims does not include claims arising from any securities other than the Mini-Bonds.

DD.   "Releasors" means the Lead Plaintiff and each Class Member, individually or together, and all those who claim through them or who assert claims (or could assert claims) on their behalf, including their respective heirs, executors, administrators, successors, beneficiaries, representatives, attorneys, agents, partners, assigns, co-obligors, co-guarantors, guarantors, sureties, and bankruptcy trustees on behalf of creditors or estates of the Releasors.

EE.   "Settlement" means the proposed settlement of the Action under the terms and conditions of this Agreement.

FF.   "Settlement Administrator" means the firm retained by Class Counsel, subject to Court approval, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

GG.   "Settlement Administration Costs" means the costs of administering the Settlement provided for herein, including but not limited to the costs of mailing Class Member notices, as provided herein and in the Notice and Notice Plan outlined in the Motion for Preliminary Approval, responding to inquiries from Class Members, and providing the Settlement Benefit to Class Members, of which Santee Cooper will pay up to but not exceeding $35,000.00, as further described in Section V.B.

HH.   "Settlement Amount" means the sum of the Settlement Benefit and Settlement Administration Costs.

II.     "Settlement Benefit" means the total value of the settlement being paid by Defendants for the benefit of the Settlement Class that equals two million dollars ($2,000,000.00), representing the sum of benefits to be distributed to Class Members in cash, the Attorney Fee/Litigation Cost Award, and the Incentive Award.

JJ.     "Settlement Class" means all Persons who purchased or otherwise acquired and owned Santee Cooper Mini-Bonds from May 1, 2014 through July 31, 2017, inclusive, and who were damaged thereby, and including those Persons' successors in interest, transferees in interest, assigns, or beneficiaries, if any.  Excluded from the Settlement Class are Defendants; members of the immediate family of any Defendant who is an individual; the officers and directors of Santee Cooper during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity.

KK.     "Successful Opt-Out" means any Person who falls within the definition of the Settlement Class who has timely and validly exercised his or her right to be excluded from the Settlement Class pursuant to the procedures set forth herein, but shall not include (i) Persons whose requests for exclusion are disputed by Defendants pursuant to Section VI.D, unless the dispute is overruled by the Court or withdrawn by Defendants; (ii) Persons whose communication is not treated as a request for exclusion; and (iii) Persons whose requests for exclusion are not valid or are otherwise void.

LL.     As used herein, the plural of any defined terms includes the singular thereof and vice versa, except where the context requires otherwise.

## II.     SETTLEMENT PROCEDURES

A.     **Class Certification.**  Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (i) certification of the Action as a class action pursuant to Federal Rule of Civil Procedure 23; (ii) certification of Lead Plaintiff as class representative for the Settlement Class; and (iii) appointment of Lead Counsel and Liaison Counsel as Class Counsel for the Settlement Class pursuant to Federal Rules of Civil Procedure 23(g).

B.     **Preliminary Approval.**  By January 26, 2021, Class Counsel shall submit a motion for Preliminary Approval ("Motion for Preliminary Approval") to the Court seeking entry of a Preliminary Approval Order.  The Motion for Preliminary Approval shall attach this Agreement, including all exhibits, and shall, among other things, seek preliminary approval of the Settlement as memorialized in this Agreement, approval of the Notice Plan, Notice, and Distribution Plan, and the setting of deadlines and other conditions consistent with this Agreement.  The text of the Motion for Preliminary Approval (including the proposed Preliminary Approval Order, and Notice), shall be provided to Defendants for review no later than five (5) Days prior to the filing of the Motion for Preliminary Approval, and Defendants will have an opportunity to comment on the contents before filing.

C.     **Settlement Administrator.**  As part of the Motion for Preliminary Approval, Class Counsel shall seek appointment of a Settlement Administrator to be approved by the Court. The Settlement Administrator shall, upon approval of the Court, administer the Settlement, including but not limited to the process of calculating the benefit amount for each Authorized Recipient, under Class Counsel's supervision and subject to the jurisdiction of the Court.

D.     **Settlement Class List.**  For the purposes of identifying and providing notice to the Settlement Class, Santee Cooper shall provide or cause the preparation and provision of

information sufficient for the Settlement Administrator to distribute notices no later than thirty (30) Days after the Preliminary Approval Date.

E.     **Settlement Class Notice.**  As part of the Motion for Preliminary Approval, Class Counsel shall submit to the Court for approval in the Action the Notice. The Motion for Preliminary Approval shall ask the Court to find that the proposed form of and method for dissemination of notice to the Class Members constitute valid, due, and sufficient notice to the Class Members and complies fully with the requirements of the Federal Rules of Civil Procedure. In addition, the Motion for Preliminary Approval shall ask the Court to approve the Notice Plan and Distribution Plan, including the deadlines related to dissemination of the Notice.  Unless the Court directs otherwise, the deadlines set forth in the Notice and Notice Plan shall govern the rights of the Class Members and are in addition and subject to the dates and times set forth in the Agreement. The Notice Plan shall be outlined in the Motion for Preliminary Approval and the proposed Long Notice and Postcard are attached hereto as Exhibits B and C.

F.     **CAFA Notice.**  No later than ten (10) Days following the filing of this Agreement with the Court, Defendants shall cause (through the Settlement Administrator) the service of the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"). No later than seven (7) Days before the Final Approval Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court, proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

G.     **Final Approval.**  No later than twenty-one (21) Days prior to the date set by the Court for the Final Approval Hearing, Class Counsel shall submit a motion for final approval of the Settlement by the Court ("Motion for Final Approval"). The Motion for Final Approval (including the proposed Final Approval Order and supporting papers) shall be provided to Defendants for review no later than five (5) Days prior to the filing of the Motion for Final

Approval, and Defendants shall file their response, if any, seven (7) Days before the Final Approval Hearing. Class Counsel shall seek entry of a final approval order ("Final Approval Order") in the Action (i) finally approving the Settlement as fair, reasonable, and adequate; (ii) giving the terms of the Settlement final and complete effect; (iii) certifying the Settlement Class, for purposes of Settlement only; (iv) finding that all requirements of rule, statute, and Constitution necessary to effectuate this Settlement have been met and satisfied; and (v) otherwise entering final judgment of dismissal on the merits and with prejudice in the Action, each Party waiving all rights to appeal and waiving all rights to seek reimbursement of attorneys' fees or costs (except as otherwise provided in this Agreement).

H.    **Bar Order.**  The Final Approval Order shall contain a bar order ("Bar Order") that shall, upon the Effective Date, and consistent with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7) (the "PLSRA"), permanently bar, extinguish, and discharge to the fullest extent permitted by law any and all claims for contribution or indemnification arising out of any Released Claims.  The Bar Order shall bar all claims for contribution or indemnification (i) by any Person against the Releasee and (ii) by any Releasee against any Person other than a Releasee. Consistent with the PSLRA, 15 U.S.C. § 78u-4(f)(7)(B), any verdict or judgment that Lead Plaintiff or any other Class Member may obtain on behalf of the Settlement Class or a Class Member against any Person subject to the Bar Order shall be reduced by the greater of (i) an amount that corresponds to the percentage responsibility of the Releasees for common damages or (ii) the portion of the Settlement Amount paid by or on behalf of the Defendants to the Settlement Class.

### III.    SETTLEMENT BENEFIT AND DISTRIBUTION

A.    **Payment of Settlement Benefit**.  Santee Cooper shall pay or cause to be paid the Settlement Benefit to the Settlement Administrator no later than ten (10) Days after entry of the Final Approval Order.

B.    **Total Settlement Consideration.**  The Parties agree that the Settlement Amount, as paid by Santee Cooper, is offered as Defendants' consideration for this Settlement and as full satisfaction of the Released Claims. The Settlement Benefit includes, without limitation, all monetary benefits and distributions to the Class Members, attorneys' fees and expenses, taxes, tax expenses, and pre and post-judgment interest.  Under no circumstances will Defendants be required to pay more than the Settlement Amount pursuant to this Agreement and the Settlement set forth herein. In no event shall Defendants be required to make any payment under this Settlement before the deadlines set forth in this Agreement.

C.    **Distribution of Settlement Benefit.**  The Settlement Administrator, subject to such supervision and direction of the Court and Class Counsel as may be necessary, shall administer the Settlement and shall oversee distribution of the Settlement Benefit to Authorized Recipients pursuant to the Distribution Plan, which is set forth in the Long Notice.

D.    **Agreement not Conditioned on Distribution Plan.**  The plan of allocation proposed in the Distribution Plan is not a necessary term of Agreement, and it is not a condition of the Agreement that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Class Counsel may not cancel or terminate the Agreement based on this Court's or any appellate court's ruling with respect to the Distribution Plan or any other plan of allocation in this Action.  Defendants shall not object to the plan of allocation outlined in the Distribution Plan.

E.    **No Liability for Settlement Benefit Distribution.**  Defendants will make reasonable efforts to facilitate Class Counsel's receipt of information necessary to identify Class

Members entitled to distribution from the Settlement Benefit. Neither the Releasees nor their counsel, however, shall have any responsibility for, or liability whatsoever with respect to, the distribution of the Settlement Benefit; the Distribution Plan; the determination, administration, or calculation of claims; or any other aspect of settlement administration. The Releasors hereby fully, finally, and forever release, relinquish, and discharge the Releasees and their counsel from any and all such liability, in addition to the releases set forth in Section IV. No Person shall have any claim against Class Counsel or the Settlement Administrator based on the distributions made substantially in accordance with the Agreement and the Settlement contained herein, the Distribution Plan, or further orders of the Court.

F.    **Delayed Benefits.**    Settlement Benefits to any Class Member that are delayed because of a disputed exclusion request, or for other reasons, shall not be made on the schedule set forth in this part, but instead shall be made if such dispute is finally resolved at a reasonable time thereafter.

G.    **All Claims Satisfied by Settlement Benefit.**  Each Class Member shall look solely to the Settlement Benefit for settlement and satisfaction of all claims released herein.  No Class Member shall have any interest in the Settlement Benefit, or any portion thereof.  All Authorized Recipients shall be subject to and bound by the provisions of this Agreement, the releases contained herein, and the Final Approval Order with respect to all Class Claims, regardless of whether such Authorized Recipients obtain any distribution from the Settlement Benefit.

## IV.    RELEASE

A.    **Claims Released by Releasors.**  Upon the Effective Date, and pursuant to the Court's entry of the Final Approval Order, the Releasors do hereby unconditionally, completely, and irrevocably release and dismiss each and all Releasees with prejudice and on the merits (without an award of costs to any party other than those provided in Section V). The Releasors

(regardless of whether any such Releasor ever obtains any recovery by any means, including, without limitation, by receiving any distribution from the Settlement Benefit) shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees.  This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

       B.    **Claims Released by Releasees.**  Upon the Effective Date, and pursuant to the Court's entry of the Final Approval Order, Releasees shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Releasors of any and all claims and causes of action of every nature and description, whether known claims or unknown claims, whether arising under federal, state, common, or foreign law, which arise out of the Santee Cooper Mini-Bonds.  The Releasees shall forever be barred and enjoined from prosecuting any or all of the claims and only those claims as described in this Paragraph against Releasors.  Releasees do not release any claims relating to the enforcement of the Settlement or any claims against any Person who submits a Request for Exclusion that is accepted by the Court.

       C.    **No Future Actions.**  The Releasors shall not, after the Effective Date, seek (directly or indirectly) to commence, institute, maintain, or prosecute any suit, action, or complaint of any kind (including, but not limited to, claims for actual damages, statutory damages, and exemplary or punitive damages) against any Defendant, or any other Releasee, based on the Released Claims, in any forum, whether on his or her own behalf or as part of any putative, purported, or certified class.  The Parties contemplate and agree that this Agreement may be pleaded as a bar to a lawsuit, and an injunction may be obtained preventing any action from being initiated or maintained, in any case sought to be prosecuted on behalf of any Releasor (including, but not limited to, for actual

damages, statutory damages, exemplary, or punitive damages) or Releasee based on the claims as described in Sections IV.A and IV.B.

D.    **Waiver of California Civil Code § 1542 and Similar Laws.**  In addition to the provisions at Section I.CC, the Releasors expressly acknowledge that they are familiar with and, upon the Effective Date, waive and release with respect to the Released Claims any and all provisions, rights, and benefits conferred (i) by Section 1542 of the Civil Code of the State of California, which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

(ii) by any and all equivalent, similar, or comparable federal or state rules, regulations, laws, or principles of law of any other jurisdiction that may be applicable herein; and/or (c) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth in the Agreement. The Releasors expressly agree that by executing this Agreement, and for the consideration received hereunder, it is their intention to release, and they are releasing, all Released Claims, including those unknown. The release of unknown, unanticipated, unsuspected, unforeseen, and unaccrued losses or claims in this paragraph is contractual and not a mere recital.

E.    **Dismissal.**  Subject to Court approval, the Releasors shall be bound by this Agreement, and all their claims shall be dismissed with prejudice and released, even if they never received actual notice of the Action or this Settlement.

## V.     ATTORNEYS' FEES, AWARDS, AND COSTS

A.     **Attorney Fee/Litigation Cost Award.**  Class Counsel may submit an application or applications for an Attorney Fee/Litigation Cost Award no later than twenty-one (21) Days prior to the Final Approval Hearing for distributions from the Settlement Benefit for: (i) Attorney Fee/Litigation Cost and (ii) Incentive Award to Lead Plaintiff.  Application for such award shall not be made in conjunction with the Motion for Final Approval; it shall be by separate motion, and, to the extent approved, by separate order.

1.     Class Counsel agree that an application for attorneys' fees will not seek an amount in excess of 33% the Settlement Benefit.  Defendants will not contest an application for attorneys' fees up to that amount.

2.     Class Counsel and Lead Plaintiff agree that an application for an Incentive Award shall not exceed five thousand dollars ($5,000), and that payment of any such award shall be made from the Settlement Benefit, and in no event shall Santee Cooper pay more than the Settlement Amount.

3.     To the extent Attorney Fee/Litigation Cost or Incentive Awards are ordered, those payments shall be made by the Settlement Administrator from the Settlement Benefit in accordance with the Court's order upon the application for attorneys' fees.

4.     Defendants shall have no obligations related to Class Counsel's fees or expenses or the payment thereof beyond Santee Cooper's payment of the Settlement Benefit and as stated in part V.A.1.

5.     In the event the Settlement, Attorney Fee/Litigation Cost Award, or Incentive Award is modified, terminated, cancelled, or fails to become effective for any reason, in whole or in part, including, without limitation, in the event the Final Approval Order is reversed or vacated or materially altered, then no later than fourteen (14) Days after the termination,

cancellation, or failure, Class Counsel shall refund any Attorney Fee/Litigation Cost Award or Incentive Award, including accrued interest, to the Settlement Administrator by wire transfer to be returned to the Settlement Benefit.  In the event the Settlement is cancelled, terminated, or fails to become effective for any reason, the Settlement Administrator shall return the Settlement Benefit, including interested accrued, to Santee Cooper no later than twenty-one (21) Days after the Settlement Administrator's receipt of notice of termination, cancellation, or failure.

B.     **Payment of Settlement Administration Costs.**   Santee Cooper shall pay all Settlement Administration Costs up to $35,000.00 within 30 days of receipt of valid, itemized invoices from the Settlement Administrator identifying costs and services performed that are reasonably consistent with the quoted amount.

C.     **Award of Fees and Expenses Not Part of Settlement.**   The procedure for allowance or disallowance by the Court of the Attorney Fee/Litigation Cost Award is not part of the Settlement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  In the event the Court denies, in whole or in part, any application made by Class Counsel for attorneys' fees, the remainder of the terms of this Agreement and of the Settlement shall remain in effect.

D.     **No Liability for Fees and Expenses to Class Counsel.**  Neither the Releasees nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to any payment(s) to Class Counsel pursuant to this Agreement or to any other Person who may assert some claim thereto or any Attorney Fee/Litigation Cost Award that the Court may make in the Action, other than as set forth in this Agreement. Similarly, neither the Releasees nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to allocation among Class Counsel or any other Person who may assert some claim thereto, of any Attorney Fee/Litigation Cost Award that the Court may make in the Action.  The Parties contemplate and

agree, and the Court shall order, that this Agreement and the Release may be pleaded as an absolute bar against any claim against Santee Cooper by any Person that may arise from or relate to the payment of attorneys' fees and costs.

E.     **Jurisdiction Over Fee Dispute.**  The Court shall retain jurisdiction of any dispute regarding the distribution of the Settlement Benefit that is available to Class Members or any Attorney Fee/Litigation Cost Award.

### VI.     CONDITIONS OF SETTLEMENT AND EFFECT OF TERMINATION, DISAPPROVAL, AND APPEAL

A.     **Effective Date.**  This Agreement and the Settlement provided for herein shall not be effective until the Effective Date.  Until that time, and subject to Part V.B, Santee Cooper shall have no obligation to pay or set aside any monies due or potentially due to pay the Settlement Administration costs pursuant to III.A.

B.     **Failure of Effective Date to Occur.**  If all the conditions specified in Section I.J are not met, then this Agreement shall be cancelled and terminated, subject to and in accordance with Sections VI.J and VI.K unless the Parties mutually agree in writing to proceed with this Agreement.  The effectiveness of the Settlement is expressly conditioned on the Settlement being approved by the Court and any appellate court reviewing the Settlement without this Agreement being rejected or required to be materially modified by any Court ruling or any order resulting from an appeal or other review.  If the Court does not enter the Final Approval Order or if the Court enters the Final Approval Order and appellate review is sought and, on such review, the Final Approval Order is finally vacated, materially modified, or reversed, then this Agreement and Settlement shall terminate and cease to have any effect.

C.     **Exclusions**. Any Class Member who wishes to opt out of the Settlement Class must do so on or before the Exclusion Deadline as specified in the Notice.  In order to become a

Successful Opt-Out, a Class Member must complete and send to the Settlement Administrator a Request for Exclusion that is post-marked no later than the Exclusion Deadline. A Request for Exclusion form shall be available on the settlement website. Successful Opt-Outs may opt out of the Settlement Class only on an individual basis; so-called "mass" or "class" opt-outs shall not be allowed and shall be of no force or effect. A Person acting pursuant to a legal power of attorney, however, may request exclusion of an individual. Class Counsel shall cause copies of Requests for Exclusion forms from the Settlement Class to be provided to Defendants' Counsel. No later than fourteen (14) Days after the Exclusion Deadline, Class Counsel shall provide to Defendants' Counsel a complete and final list of Successful Opt-Outs and copies of the requests for exclusion. With their Motion for Final Approval of the Settlement, Class Counsel will file with the Court a complete list of Successful Opt-Outs, including the name, city, and state of the person requesting exclusion (the "Opt-Out List").

D.    **Reservation of Rights as to Successful Opt-Outs.**  With respect to any Successful Opt-Outs, Defendants reserve all their legal rights and defenses, including, but not limited to, any defenses relating to whether the person qualifies as a Class Member and/or has standing to bring any claim. Defendants may challenge the validity of any Successful Opt-Out by providing written notice to Class Counsel no later than ten (10) Days after Class Counsel provides Defendants' Counsel the Opt-Out List and copies of the Requests for Exclusion forms. Such notice shall void the Opt-Out(s) unless Class Counsel disputes the notice in writing, in good faith, with Defendants' Counsel no later than five (5) Days of receipt of the notice. The Court shall have jurisdiction to resolve any disputes regarding the validity of Successful Opt-Outs. Class Counsel shall have no obligation to represent an attempted or Successful Opt-Out.

E.    **Rescission Based on Exclusions.**  Defendants shall have the right to set aside or rescind this Agreement, in the sole exercise of their discretion, if the number of Persons requesting

exclusion from the Class exceeds ten percent (10%) of the total Persons otherwise within the Class. Defendants shall have ten (10) Days from receipt of the final Successful Opt-Out list to exercise this right to set aside or rescind this Agreement.

F.    **Objections.**  Class Members who wish to object to any aspect of the Settlement must file with the Court a written statement containing their objections prior to the Objection Deadline. All objections must include the following information: (1) the full name of the Class Member; (2) the current address of the Class Member; (3) identification of the Mini-Bond(s) purchased; (4) all specific objections and the reasons in support thereof; and (5) any and all supporting papers.  If a Class Member intends to object through counsel, the Class Member's attorney must append a list of all prior objections previously filed by such counsel in state and federal courts, and with respect to each, provide (1) the case number; (2) the court where the prior objection was filed; (3) and the outcome of the objection.  If a Class Member intends to appear and requests to be heard, either individually or through counsel, the Class Member or his or her counsel must file a notice of appearance no later than fifteen (15) Days before the Final Approval Hearing.  Any Class Member who does not submit a timely objection in accordance with this Agreement and orders of the Court, shall not be treated as having filed a valid objection to the Settlement.

G.    **Attorneys' Fees Related to Objectors.**  Any award or payment of attorneys' fees made to the counsel of an objector to the Settlement shall be made only by Court order and upon a showing of the benefit conferred to the Settlement Class. In determining any such award of attorneys' fees to an objector's counsel, the Court will consider the incremental value to the Settlement Class caused by any such objection. Any award of attorneys' fees by the Court will be conditioned on the objector and his or her attorney stating under penalty of perjury that no payments shall be made to the objector based on the objector's participation in the matter other

than as ordered by the Court. Any such award shall be payable from the Settlement Benefit. Defendants shall have no responsibility for any such payments.

H.    **Failure to Enter Proposed Preliminary Approval Order or Final Approval Order.**  If the Court does not enter the Preliminary Approval Order or the Final Approval Order, or if the Court enters the Final Approval Order and appellate review is sought and, on such review, the Final Approval Order is finally vacated, materially modified, or reversed, then this Agreement and the Settlement incorporated herein shall be cancelled and terminated; provided, however, the Parties agree to act in good faith to secure final approval of this Settlement and to attempt to address in good faith concerns regarding the Settlement identified by the Court and any appellate court.

I.    **Other Orders.**  No Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court concerning any application for Attorney Fee/Litigation Cost Award, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Agreement by any Party. Without limiting the foregoing, Defendants shall have, in their sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Final Approval Order, upon entry by the Court, does not provide for the dismissal with prejudice of the Action and the Released Claims.

J.    **Termination.**  This Agreement shall be terminable at the option of Defendants if any of the following occurs:

1.    More than ten percent (10%) of the Persons within the Settlement Class become Successful Opt-Outs;

2.    The Court fails to enter the orders granting Preliminary or Final Approval, or does so in a form materially different from the forms contemplated by this Agreement;

3.    The Court or any other court permits Plaintiff to opt out as a representative, or otherwise to exercise or preserve the opt-out or substantive rights of others;

4.    Any Person is allowed to object in the Action and this objection or intervention results in material changes to the Settlement Agreement that the Defendants deem to be material;

5.    The Court fails to approve this Agreement as written and agreed to by the Parties; or

6.    Lead Plaintiff and Defendants mutually agree to terminate the Agreement.

K.    **Effect of Termination.**  If this Agreement is terminated, then:

1.    Class Counsel shall provide notice of any such terminable event to the Settlement Administrator no later than five (5) Days of the event occurring;

2.    The Parties shall be restored to their respective positions in the Action as of the Execution Date, with all their respective claims and defenses preserved as they existed on that date; and

3.    Any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated *nunc pro tunc*.  No other orders shall be affected.

## VII.    <u>NO ADMISSION OF LIABILITY</u>

A.    **Final and Complete Resolution.**  The Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and Released Claims and to compromise claims that are contested, and it shall not be deemed an admission by any Party as to the merits of any claim or defense or any allegation made in the Action.

B.    **Federal Rule of Evidence 408.**  The Parties agree that this Agreement, its terms, and the negotiations surrounding this Agreement shall be governed by Federal Rule of Evidence

408 and any federal or state-law equivalents and shall not be admissible or offered or received into evidence in any suit, action, or other proceeding, except upon the written agreement of the Parties hereto, pursuant to an order of a court of competent jurisdiction, or as shall be necessary to give effect to, declare, or enforce the rights of the Parties with respect to any provision of this Agreement.

C.    **Use of Agreement as Evidence**. Whether or not this Agreement becomes final or is terminated pursuant to its terms, the Parties expressly agree that neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, any allegation made in the Action, or any violation of any statute or law or of any wrongdoing or liability of Defendants, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other proceeding; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault, or omission of the Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement, shall be admissible in any proceeding for any purpose except to enforce the terms of the Settlement; provided, however, that the Releasees may file this Agreement (including the exhibits), the Preliminary Approval Order, or the Final Approval Order in any action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## VIII.  REPRESENTATIONS AND WARRANTIES

A.    **Class Settlement Procedure and Implementation.**  In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Federal Rule of Civil Procedure 23.  Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, Lead Plaintiff and Class Counsel represent and warrant that they shall take all appropriate steps in the Action necessary to preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary and Final Approval of this Agreement as promptly as possible, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement, and will not attempt to void this Agreement in any way, except as expressly set forth herein. This includes the obligations (i) to seek approval of this Agreement and of the Settlement by the Court; (ii) to oppose objections and to defend the Agreement and the Settlement before the Court and on appeal, if any; (iii) to move for the entry of the Preliminary Approval and Final Approval Orders; (iv) to join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, and to not be unreasonably withheld or delayed.  This also includes not (i) soliciting or encouraging any Person in the Settlement Class to request exclusion or (ii) soliciting or encouraging any effort by any Person to object to the Settlement.  Lead Plaintiff warrants that he will not request exclusion of himself from the Settlement.

B.    **Totality of Attorneys' Fees.**  Lead Plaintiff and Class Counsel represent and warrant that any award of attorneys' fees and litigation costs and incentives they may seek upon application to the Court pursuant to Section V above shall include all attorneys' fees and litigation costs that Lead Plaintiff and Class Counsel seek in connection with the Action.

C.    **"Class Counsel" All Inclusive.**  Lead Plaintiff and Class Counsel represent and warrant that the term "Class Counsel," as defined in Section I.C of this Agreement, includes all Persons having any interest in any Attorney Fee/Litigation Cost Award in connection with the Action. Lead Plaintiff and Class Counsel represent and warrant that any motion or application that they file requesting an award of attorneys' fees and litigation costs shall include within its scope all attorneys, law firms, or any other Person with a financial interest in any such award.

D.    **Authorization to Enter Settlement Agreement.**  Lead Plaintiff, Class Counsel, and Defendants represent and warrant that they are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each Person executing this Agreement on behalf of a Party or other Person covenants, warrants, and represents that they are and have been fully authorized to do so by that Party or other Person. Lead Plaintiff, Class Counsel, and Defendants represent and warrant that they intend to be bound fully by the terms of this Agreement.

E.    **Class Counsel Representations.**  Class Counsel represent and warrant that (i) they seek to represent and protect the interests of the Settlement Class; (ii) they owe a duty of care and loyalty to the Settlement Class, and that some of the interests of those who are Successful Opt-Outs will be different from and in conflict with the interests of the Settlement Class represented by Class Counsel; (iii) their responsibilities to the Class Members will continue beyond the Effective Date and will require Class Counsel to represent the interests of such Class Members until all Class Members have received the benefits outlined in this Agreement; and (iv) the representations and warranties in this paragraph are material terms of the Agreement, and Defendants' continuing obligations under the Agreement are dependent upon these representations and warranties.

F.    **Jurisdiction in Event of Breach.**  If any Person breaches the terms of any of the representations and warranties in this section, the Court shall retain jurisdiction over this matter to

entertain action by a Party against such Person for breach or any Party's request for a remedy for such breach.

### IX.    MISCELLANEOUS PROVISIONS

A.    **Subsequent Events Affecting Administration.**  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court.

B.    **Claims in Connection with Administration.** No Person shall have any claim against the Lead Plaintiff or Class Counsel, Defendants or their Counsel, the Settlement Administrator, or the Releasees or their agents based on administration of the Settlement substantially in accordance with the terms of the Agreement or any order of the Court or any appellate court.

C.    **Effect of Lack of Final Approval.** This Agreement is entered into only for purposes of settlement.  If Final Approval does not occur for any reason, this Agreement shall become null and void. In that event, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose. In addition, the Parties shall revert to their respective positions prior to settlement, and the agreements contained herein shall be null and void and shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of class certification, and the Parties shall have all rights, claims, and defenses that they had or were asserting as of the date of the mediation at which the parties agreed to settle this Action.

D.     **Confidentiality of Settlement Negotiations.** The Parties and their counsel shall keep strictly confidential and not disclose to any third party any non-public information regarding the Parties' negotiation of this Settlement and/or this Agreement. For the sake of clarity, information contained within this Agreement shall be considered public, as well as any information requested by the Court in the approval process and other such information necessary to implement this Settlement, provided such information is filed (and is not under seal) and/or is not considered to be confidential material under the Protective Order entered in this Action.

E.     **Confidentiality Order.** Plaintiff and Defendants represent and warrant that they will continue to be bound by the Confidentiality Order agreement executed by Class Counsel and Defendants' Counsel ("Protective Order"), including the provisions of the Protective Order relating to return or destruction of documents or information designated as "CONFIDENTIAL," as that term is defined in the Protective Order, upon the conclusion of the Action.

F.     **Choice of Law**. This Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of South Carolina, and the rights and obligations of the Parties to this Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of South Carolina without giving effect to that state's choice of law principles.

G.     **Attorneys' Fees and Costs.** Except as otherwise expressly provided in this Agreement, each party shall bear its own costs and attorneys' fees.

H.     **Integrated Agreement.** The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties hereto and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. All prior agreements are merged into this Agreement. Any modification of the Agreement must be confirmed and executed

in writing by all Parties and served upon Defendants' Counsel and Class Counsel. It is understood by the Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Agreement is entered into may turn out to be other than or different from the facts now known to each Party or believed by such party to be true. Each Party therefore expressly assumes the risk of the facts or law turning out to be different and agrees that this Agreement shall be in all respects effective and not subject to termination by reason of any such different facts or law.

I.    **Joint Drafters.** This Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

J.    **Binding Effect.** This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, and each and every one of the Releasees shall be deemed to be intended third-party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

K.    **Notices**. All notices and responses to notices under this Agreement shall be in writing. Each such notice or response shall be given either by (i) hand delivery; (ii) registered or certified mail, return receipt requested, postage pre-paid; or (iii) FedEx or similar overnight courier; and, if directed to any Class Member, shall be addressed to Class Counsel at their addresses set forth below, and if directed to Defendants, shall be addressed to Defendants' respective Counsel at the addresses set forth below or such other addresses as Class Counsel or Defendants may designate, from time to time, by giving notice to all Parties hereto in the manner described in this paragraph. Copies of all notices under this Agreement may, at the notifying party's option, be transmitted by email to the appropriate parties. Providing a copy by email shall

only be in addition to, and not a substitute for, the formal mechanisms provided for in (i), (ii), or (iii) of this paragraph.

If directed to the Plaintiffs or any Class Member, address notice to:

**HOPKINS LAW FIRM, LLC**
William E. Hopkins
12019 Ocean Highway
P.O. Box 1995
Pawleys Island, SC 29585

**THE WEISER LAW FIRM, P.C.**
Christopher L. Nelson
James M. Ficaro
22 Cassatt Avenue
Berwyn, PA 19312

*Class Counsel*

If directed to Santee Cooper, address notice to:

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
B. Rush Smith III
Carmen Harper Thomas
Robert L. Lindholm
1320 Main Street, 17th Floor
Columbia, SC 29201

*Counsel for Santee Cooper*

If directed to Carter, address notice to:

**McANGUS, GOUDELOCK, & COURIE, LLC**
Thomas E. Lydon
Post Office Box 12519, Capitol Station
Columbia, South Carolina 29211-2519

*Counsel for Lonnie N. Carter*

L.     **Amendment; Waiver.**  This Agreement shall not be modified in any respect except by a writing executed by the Parties, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any

breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

M. **Execution in Counterparts.** The Parties and their respective counsel may execute this Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties and their respective counsel had signed the same instrument.

N. **Jurisdiction.** Although the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.

O. **Severability.** The provisions of this Agreement are severable insofar as the partial or complete invalidity, illegality, or legal ineffectiveness of any term in the Agreement shall not affect the validity, legality, or legal effectiveness of the remainder of such term or of any other terms therein.

P. **Incorporation by Reference.** All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Agreement and the terms of any exhibit attached hereto, the terms of the Agreement shall prevail.

Q. **No Conflict Intended; Headings.** Any inconsistency between this Agreement and the exhibits attached hereto shall be resolved in favor of this Agreement. The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement

R. **Material Terms.** The terms of this Agreement are material to the Parties, and each term shall be so construed. In particular, and without limiting the foregoing, the terms of this Agreement may not be modified, changed, waived, or overridden based on a conclusion or

determination that such term is not as important as every other term, or that any Person other than a Party hereto, or counsel of record in the Action, has modified, changed, waived, or overridden such term.

S.     **Independent Counsel.**  Defendants and Lead Plaintiff acknowledge that they have been represented and advised by independent legal counsel throughout the negotiations that have culminated in the execution of this Agreement, and that they have voluntarily executed the Agreement with the consent and on the advice of counsel. The Parties have negotiated and reviewed fully the terms of this Agreement.

T.     **Intended Beneficiaries.** No provision of this Agreement shall provide any rights to, or be enforceable by, any Person that is not one of the Plaintiffs, a Class Member, one of the Defendants, one of the Releasees, Class Counsel, or Counsel for any Defendant, except that this Agreement will be binding upon and inure to the benefit of the successors and assigns of the Parties. No Plaintiff, Class Member, or Class Counsel may assign or otherwise convey any right to enforce any provision of this Agreement.

U.     **Regular Course of Business**. The Parties agree that nothing in this Agreement shall be construed to prohibit communications between Defendants and the Releasees, on the one hand, and Class Members, on the other hand, in the regular course of business.

V.     **Tax Consequences**. No representations or advice regarding the tax consequences of this Agreement have been made by any Party. The Parties further understand and agree that each Party, each Class Member, each Class Counsel, and Plaintiff shall be responsible for his, its, or their own taxes, if any, resulting from this Agreement and any payments made pursuant to this Agreement.

W.     **Bankruptcy Proceedings**.

1.     The Parties agree that any Class Member who is in active bankruptcy proceedings or previously was a party to bankruptcy proceedings during the period of time covered in the Settlement Class definition may only participate in the Settlement subject to applicable bankruptcy law and procedures. Defendants are under no obligation to notify any bankruptcy court that has, had, or may have jurisdiction over such Class Member's bankruptcy proceedings or any trustee or examiner appointed in such Class Member's bankruptcy proceedings of this Agreement or the benefits conferred by the Agreement and the Settlement.

2.     The Parties agree that any disputes concerning the rights of the bankruptcy estate to the proceeds of any payment of the Settlement Benefit or Incentive Award shall be adjudicated by the Bankruptcy Court. The Settlement Administrator shall follow any direction of the Bankruptcy Court with respect to the proceeds of any payment or Incentive Award. In the event the Bankruptcy Court issues any order or orders that do more than adjudicate the proceeds of any payment or Incentive Award, and such order or orders are material in the judgment of Defendants, exercised in good faith, Defendants shall have the right to terminate this Agreement.

X.     **Class Member Obligations**. Under no circumstances shall the Settlement or Agreement or any release herein be deemed to alter, amend, or change the terms and conditions of any account to which any Class Member is or was a party, or to provide a defense to any obligation to pay monies to Santee Cooper in the event the Class Member is a customer of Santee Cooper, nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case or in any other action involving a Class Member, nor shall the Settlement Agreement create or be construed as evidence of any violation of law or contract. In the event this Agreement is so construed as to a particular Class Member, it can be declared by Santee Cooper

to be null and void as to that Class Member only (and in such latter event, the Release as to that Class Member shall also be void).

[*Signature Pages Attached*]

By _____

**HOPKINS LAW FIRM, LLC**
William E. Hopkins
12019 Ocean Highway
P.O. Box 1995
Pawleys Island, SC 29585

**THE WEISER LAW FIRM, P.C.**
Christopher L. Nelson
James M. Ficaro
22 Cassatt Avenue
Berwyn, PA 19312
*Class Counsel*

Date: ___1/25/2021___

By _____

**SANTEE COOPER**
Mark Bonsall
1 Riverwood Drive
Moncks Corner, South Carolina 29461

*President and CEO of Santee Cooper*

Date: 1/25/2021

By _____

**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
B. Rush Smith III
Carmen Harper Thomas
Robert L. Lindholm
1320 Main Street, 17th Floor
Columbia, SC 29201

*Counsel for Santee Cooper*

Date: 1/25/21

By _____
**LONNIE N. CARTER**

Date: _1 - 25 - 2021_

By _____
**McANGUS, GOUDELOCK, & COURIE, LLC**
Thomas E. Lydon
Post Office Box 12519, Capitol Station
Columbia, South Carolina 29211-2519

*Counsel for Lonnie N. Carter*

Date: _Jan. 25, 2021_

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MURRAY C. TURKA, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No.  2:19-cv-1102-RMG |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **[PROPOSED] ORDER PRELIMINARILY APPROVING** |
| SOUTH CAROLINA PUBLIC SERVICE AUTHORITY and LONNIE N. CARTER, | ) ) ) | **SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF** |
| Defendants. | ) ) ) ) | **CLASS ACTION SETTLEMENT** |

WHEREAS, the above-captioned securities class action is pending in this Court and is entitled *Turka v. South Carolina Public Service Authority and Lonnie N. Carter*, Case No. 2:19-cv-1102-RMG (the "Action");

WHEREAS, (a) Lead Plaintiff Murray C. Turka ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below); and (b) Defendants South Carolina Public Service Authority ("Santee Cooper") and Lonnie N. Carter ("Carter" and collectively with Santee Cooper, "Defendants") (Lead Plaintiff and Defendants, collectively, the "Parties"), have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Settlement Agreement and Release dated January __, 2021 (the "Settlement Agreement" or "Agreement") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Agreement and providing for notice to the Settlement Class as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's Motion for Preliminary Approval of the Settlement and authorization to send Notice of the Settlement to the Settlement

Class, and the papers filed and arguments made in connection therewith; and (b) the Settlement Agreement and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Agreement;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all Persons who purchased or otherwise acquired and owned Santee Cooper Mini-Bonds from May 1, 2014 through July 31, 2017, inclusive, and who were damaged thereby, and including those Persons' successors in interest, transferees in interest, assigns, or beneficiaries, if any. Excluded from the Class are Defendants; members of the immediate family of any Defendant who is an individual; the officers and directors of Santee Cooper during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by timely submitting a Request for Exclusion that is accepted by the Court.

2.     **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder

in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that that it will likely be able to certify Lead Plaintiff Murray C. Turka as class representative for the Settlement Class and to appoint Lead Counsel, The Weiser Law Firm, P.C., and Liaison Counsel, Hopkins Law Firm, LLC, as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

5.     **Final Approval Hearing** – The Court will hold a settlement hearing (the "Final Approval Hearing") on _____, 2021 at __:__ _.m. in Courtroom _____ of the Charleston Federal Courthouse, 85 Broad Street, Charleston, SC 29401, or by such remote means as the Court should so order, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class

action on behalf of the Settlement Class, Lead Plaintiff should be certified as class representative for the Settlement Class, and Lead Counsel and Liaison Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether the Final Approval Order substantially in the form attached as Exhibit D to the Settlement Agreement should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Distribution Plan for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Class Counsel for an Attorney Fee/Litigation Cost Award should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to the Settlement Class as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      **Retention of Settlement Administrator and Manner of Giving Notice** – Class Counsel is hereby authorized to retain Strategic Claims Services (the "Settlement Administrator") to supervise and administer the notice and distribution procedure in connection with the proposed Settlement. Notice of the Settlement and the Final Approval Hearing shall be given by Class Counsel as follows:

   a.   Not later than thirty (30) Days after the Preliminary Approval Date, Santee Cooper shall provide or cause to be provided to the Settlement Administrator in electronic format reasonably available records containing names and mailing addresses, of the purchasers of Santee Cooper Mini-Bonds during the Class Period;

   b.   not later than forty-five (45) Days after the Preliminary Approval Date, the

Settlement Administrator shall cause a copy of the Postcard Notice, substantially in the form attached as Exhibit C to the Agreement, to be mailed by first-class mail to Settlement Class members at the addresses set forth in the records provided by Santee Cooper or in the records which Santee Cooper caused to be provided, or who otherwise may be identified through further reasonable effort;

c.   contemporaneously with the mailing of the Postcard Notice, the Settlement Administrator shall cause copies of the Long Notice to be posted on a website to be developed for the Settlement; and

d.   not later than seven (7) Days prior to the Final Approval Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.   **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Long Notice and the Postcard Notice, attached to the Settlement Agreement as Exhibits B and C, respectively, and (b) finds that the mailing and distribution of the Postcard Notice and the publication of the Long Notice online in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for an Attorney Fee/Litigation Cost Award, of their right to object to the Settlement, the Distribution Plan, and/or Class Counsel's motion for an Attorney Fee/Litigation Cost Award, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv)

satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Postcard Notice and Long Notice before they are mailed and published, respectively.

9.    **CAFA Notice** – As provided in the Settlement Agreement, Defendants, through the Settlement Administrator, shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") no later than ten (10) Days following the filing of the Settlement Agreement with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice, which will occur with the assistance of the Settlement Administrator. No later than seven (7) Days before the Final Approval Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

10.    **Participation in the Settlement** –Class Members are deemed willing to participate in the Settlement unless they timely exclude themselves.

11.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such Request for Exclusion from the Settlement Class must be postmarked or delivered  no later than sixty (60) Days after the Preliminary Approval Date: Santee Cooper Securities Litigation, EXCLUSIONS, c/o Strategic Claims Services, 600 North Jackson Street – Suite 205, Media, PA 19063, and (b) each Request for Exclusion must (i) state the full name and current address of the Person requesting exclusion, and in the case of entities, the full name and current address of the

appropriate contact person; (ii) state that such Person "requests exclusion from the Settlement Class in *Turka v. South Carolina Public Service Authority and Lonnie N. Carter*, Case No. 2:19-cv-1102-RMG"; (iii) state the amount of money invested in Santee Cooper Mini-Bonds that the Person requesting exclusion purchased/acquired and/or redeemed during the Class Period; and (iv) be signed by the Person requesting exclusion or an authorized representative. A Request for Exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Class Counsel is authorized to request from any Person requesting exclusion documentation sufficient to prove the information called for above.

12.     Any Person who or which timely and validly requests exclusion in compliance with the terms stated in this Order, or as otherwise allowed by the Court, shall be excluded from the Settlement Class, and shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Settlement Benefit.

13.     Any member of the Settlement Class who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding relating to the Action; (c) shall be bound by the provisions of the Settlement Agreement and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Releasees, as more fully described in the Settlement Agreement and Long Notice.

14.    **Appearance and Objections at Final Approval Hearing** – Any Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and the designated representative counsel for Defendants, at the addresses set forth in paragraph 16 below, no later than fifteen (15) Days prior to the Final Approval Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

15.    Any Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Distribution Plan, and/or Class Counsel's motion for an Attorney Fee/Litigation Cost Award and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Distribution Plan, and/or Class Counsel's motion for attorneys' fees and litigation expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Distribution Plan, and/or the motion for Attorney Fee/Litigation Cost Award unless that Person has filed a written objection with the Court no later than sixty (60) Days after the Preliminary Approval Date, and served copies of such objection on the designated counsel for the Class and for Defendants at the addresses set forth below such that they are received no later than sixty (60) Days after the Preliminary Approval Date.

| Representative Counsel for Class | Representative Counsel for Defendants |
|---|---|
| **HOPKINS LAW FIRM, LLC** | **NELSON MULLINS RILEY &** |
| William E. Hopkins | **SCARBOROUGH LLP** |
| 12019 Ocean Highway | Carmen Harper Thomas |
| P.O. Box 1995 | 1320 Main Street, 17th Floor |
| Pawleys Island, SC 29585 | Columbia, SC 29201 |

16.     Any objections, filings, and other submissions by the objecting Class Member must clearly identify the case name and action number, *Turka v. South Carolina Public Service Authority and Lonnie N. Carter*, Case No. 2:19-cv-1102-RMG, , and they must: (a) state the full name and current address of the Person objecting; (b) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) include documents sufficient to prove membership in the Settlement Class, including the investment history in Santee Cooper Mini-Bonds during the Class Period, as well as the dates of each such purchase/acquisition and/or redemption. Objectors who enter an appearance and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

17.     If a Class Member intends to object through counsel, the Class Member's attorney must append a list of all prior objections previously filed by such counsel in state and federal courts, and with respect to each, provide (1) the case number; (2) the court where the prior objection was filed; (3) and the outcome of the objection.

18.     Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Distribution Plan, and Class Counsel's motion for an Attorney Fee/Litigation Cost Award and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Distribution Plan, or the requested

attorneys' fees and litigation expenses, or from otherwise being heard concerning the Settlement, the Distribution Plan, or the requested attorneys' fees and litigation expenses in this or any other proceeding related to the Action.

19. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against each and all of the Releasees.

20. **Settlement Administration Fees and Expenses** – Reasonable costs incurred in identifying members of the Settlement Class and notifying them of the Settlement as well as in administering the Settlement shall be paid directly by Santee Cooper up to but not exceeding $35,000, in the manner described in the Settlement Agreement, and shall not be paid out of the Settlement Benefit.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Lead Plaintiff, the Settlement Class, and Defendants, and the Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Settlement Agreement on January _, 2021, as provided in the Settlement Agreement.

22. **Use of this Order** – Neither this Order, the Settlement Agreement (whether or not

consummated), including the exhibits thereto and the Distribution Plan contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Releasees or in any way referred to for any other reason as against any of Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; (b) shall be offered against any of Releasors, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Releasors that any of their claims are without merit, that any of Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Benefit or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason related to the Mini-Bonds as against any of the Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the

Settlement Agreement is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23.     **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Distribution Plan, and Class Counsel's motion for an Attorney Fee/Litigation Cost Award no later than twenty-one (21) Days prior to the Final Approval Hearing; and reply papers, if any, shall be filed and served no later than seven (7) Days prior to the Final Approval Hearing.

24.     **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.


SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Richard M. Gergel
United States District Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MURRAY C. TURKA, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Civil Action No. 2:19-cv-1102-RMG |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **NOTICE OF PROPOSED CLASS ACTION SETTLEMENT** |
| SOUTH CAROLINA PUBLIC SERVICE AUTHORITY and LONNIE N. CARTER, | ) ) ) | |
| Defendants. | ) ) ) ) | |

**To: All persons who purchased or otherwise acquired and owned Santee Cooper Mini-Bonds at any time between May 1, 2014 and July 31, 2017.**

**<u>A FEDERAL COURT HAS AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICIATION FROM A LAWYER. THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY AND COMPLETELY.</u>**

This Notice informs you of a proposed Settlement of certain class action claims against South Carolina Public Service Authority ("Santee Cooper") and Lonnie N. Carter concerning the sale and purchase of Santee Cooper's Mini-Bonds. **This Notice advises you of your rights with respect to the proposed Settlement, including your right to receive an automatic payment, your right to exclude yourself from the Settlement, and your right to object to the Settlement.**

## GENERAL INFORMATION

**What is the purpose of this Notice?**

**This Notice is to inform you of this proposed class action Settlement, to alert you to the fact that you have been identified as a member of the Settlement Class preliminarily certified by the Court, and to inform you of your rights and options as a member of the Settlement Class.**

If you purchased or otherwise acquired and owned certain Santee Cooper Mini-Bonds between May 1, 2014 and July 31, 2017, or if you succeeded in interest, were assigned, or are the beneficiary of a Person who purchased or acquired and owned Mini-Bonds during that time period, you may be entitled to receive monetary benefits under a settlement of legal claims relating to those Mini-Bond(s). If you transferred your interest in any acquired Mini-Bond, you will not receive a monetary benefit.

**QUESTIONS? CALL (866) 274-4004 OR VISIT** <u>www.strategicclaims.net</u>

**If the Court grants final approval of the Settlement and it becomes effective, you do not have to do anything to receive payment under the Settlement.** As set forth below, you also have the option to object to the proposed Settlement, or you may exclude yourself from the Settlement. If you choose to exclude yourself from the Settlement, you will not receive any payments from the Settlement, and you will retain the right to file any claim you may have against Defendants on your own and at your own expense.

| What is a class action lawsuit? |
| --- |

In a class action, one or more people called "Lead Plaintiffs" (in this case, Murray C. Turka) sue on behalf of people who have similar claims. All these people are a "Settlement Class" or "Settlement Class Members." The Lead Plaintiff who sued – and all the Settlement Class Members like him – are collectively called Plaintiffs. The entities the Lead Plaintiff sued are called the Defendants. One court resolves the issues for all Settlement Class Members, except for those who may choose to exclude themselves from the Settlement Class. This Notice is provided because the Defendants have agreed to a proposed Settlement with the Settlement Class, and the Court has decided that this matter should proceed as a class action lawsuit.

## INFORMATION ABOUT THE SETTLEMENT CLASS

| What is the nature of this class action lawsuit? |
| --- |

This lawsuit was filed in April 2019. Lead Plaintiff alleges, among other things, that Defendants made false and misleading statements and concealed and failed to disclose certain information in Santee Cooper's Mini-Bond offering documents for 2014, 2015, and 2016 regarding the construction of Units 2 and 3 in the V.C. Summer Nuclear Project (the "Project"). Lead Plaintiff alleges that as a result of Defendants' actions, the interest rates of the Mini-Bonds were artificially depressed from May 1, 2014 through July 31, 2017 (the "Class Period") and therefore, Lead Plaintiff and Settlement Class Members were damaged by receiving artificially deflated interest payments for the Mini-Bonds. Lead Plaintiff's allegations are detailed in the Complaint, a copy of which may be reviewed at www.strategicclaims.net.

Defendants deny that they engaged in any wrongful conduct or that they violated the law in any way. Defendants contend that the claims asserted in this litigation have no merit, and they have agreed to the proposed Settlement to put to rest this controversy and avoid the risks inherent in complex litigation.

| How is the Settlement Class defined? |
| --- |

By Order dated _____, 2021, the United States District Court for the District of South Carolina, Charleston Division, (the "Court") preliminarily certified (defined) the following Class of persons in this case:

> All persons or entities who purchased or otherwise acquired and owned Santee Cooper Mini-Bonds from May 1, 2014 through July 31, 2017, inclusive, and who were damaged thereby, and including those Persons' successors in interest, transferees in interest, assigns, or beneficiaries, if any.

**QUESTIONS? CALL (866) 274-4004 OR VISIT** www.strategicclaims.net

Excluded from the Class are Defendants; members of the immediate family of any Defendant who is an individual; the officers and directors of Santee Cooper during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity.

This Notice is being sent to you based upon records indicating that you are a member of the Settlement Class. If, by operation of law, you have transferred your interest in a Mini-Bond to another individual, that individual is entitled to a disbursement under this Settlement. If such a transfer has occurred, you can contact the Settlement Administrator at the information below.

### Who is the Lead Plaintiff in this lawsuit?

The Court designated Murray C. Turka to act as the Lead Plaintiff.

### Who is Class Counsel in this lawsuit?

The Court appointed Christopher L. Nelson and James M. Ficaro of The Weiser Law Firm, P.C., and William E. Hopkins of Hopkins Law Firm, LLC, as Class Counsel.

### Who are the Defendants in this lawsuit?

The South Carolina Public Service Authority and Lonnie N. Carter are the Defendants in this lawsuit.

## PROPOSED PLAN OF CALCULATION AND DISTRIBUTION PLAN

Pursuant to the proposed Settlement, Defendants will provide benefits to the Settlement Class consisting of two million dollars ($2,000,000.00) in cash relief (the "Settlement Benefit"). The $2,000,000.00 Settlement Benefit, less an award of attorneys' fees and expenses to be awarded by the Court, will be distributed to Class Members who have not transferred their interest in a Mini-Bond ("Authorized Recipient") on a pro rata basis subject to Court approval. At this time, Class Counsel estimates that Class Members will receive approximately $5.53 per $500 invested in Santee Cooper Mini Bonds during the Class Period. This amount is only an approximation and is subject to change based on factors, including Court approval of attorneys' fees and the number of Class Members who choose to exclude themselves from the Settlement.

## YOUR OPTIONS AND RIGHTS WITH RESPECT TO
## THIS PROPOSED SETTLEMENT

You have a choice. You can remain a member of the Settlement Class *or* you have the right to exclude yourself from the Settlement Class. If you remain a member of the Settlement Class, you will participate in the proposed Settlement, if it is finally approved by the Court, and will become a "Class Member." If you remain a member of the Settlement Class, you also have the right to object in writing to any part of the Settlement if you choose to do so. Each of these choices has consequences that you should understand before making your decision.

**QUESTIONS? CALL (866) 274-4004 OR VISIT** www.strategicclaims.net

**A.      If you wish to remain a member of the Settlement Class and participate in the proposed Settlement, YOU DO NOT NEED TO DO ANYTHING AT THIS TIME.**

If you wish to remain a member of the Settlement Class and participate in the proposed Settlement:

1.      You will be entitled to receive the benefits provided by this proposed Settlement if the Court grants final approval of the Settlement.

2.      Pursuant to the proposed Settlement, Defendants will provide the Settlement Benefit to the Settlement Class consisting of two million dollars ($2,000,000.00) in cash relief.

3.      The Settlement Benefit will be distributed to Class Members on a pro rata plan to be approved by the Court.  Payments from the Settlement Benefit will be made proportionately to Class Members after deducting (1) attorneys' fees and litigation expenses approved by the Court; (2) certain tax expenses; (3) a service award to the Lead Plaintiff approved by the Court; and (4) for any and all Settlement Class Members who submit valid Requests for Exclusion, the pro rata amount those Settlement Class Members would have received had they not chosen to submit such a request.

4.      Class Members who have transferred their interest in any Mini-Bond will not receive a distribution from the Settlement Benefit.

5.      Class Counsel and the Lead Plaintiff will continue to represent your interests in this case. At the outset in April 2019, Class Counsel agreed to handle the case on a "contingent" basis and to advance all costs and expenses on behalf of the Lead Plaintiff and the Settlement Class. Class Counsel intend to file a motion for attorneys' fees to be paid from the Settlement Benefit in an amount not to exceed 33% of the Settlement Benefit and expenses advanced by Class Counsel to be paid from the Settlement Benefit. Class Counsel's Motion for Attorneys' Fees and Expenses must be approved by the Court. Class Counsel will also seek approval of the Lead Plaintiff's service award of five thousand dollars ($5,000.00) to recognize his time, energy, and commitment during the litigation.

6.      In completing the settlement approval process, Lead Plaintiff will petition the Court for a Final Order dismissing this case as to the Class Members with prejudice, and any person who remains in the Settlement Class and does not request exclusion from the Settlement will be bound by it.

**B.      If you want to exclude yourself from the proposed Settlement, this is what you must do.**

If you want to exclude yourself from this proposed Settlement, you must mail or deliver a Request for Exclusion to the Settlement Administrator at the address set forth below. Your Request for Exclusion must contain the following information **and must be signed by the Settlement Class Member or in the case of an entity, signed by an authorized representative**: (1) the full name of the Settlement Class Member; (2) the current address of the Settlement Class Member, and if the Settlement Class Member is an entity, provide the full name and current address of the appropriate contact person; (3) a statement that the Settlement Class Member "requests exclusion from the Settlement Class in *Turka v. South Carolina Public Service Authority and Lonnie C. Carter*, Case

No. 2:19-cv-1102-RMG"; (4) a statement of the amount of money invested in Santee Cooper Mini-Bonds that the Settlement Class Member purchased, acquired, and/or redeemed during the Class Period; and (5) state in express and clear terms the Settlement Class Member's desire to be excluded from the Settlement and from the Settlement Class. Failure to comply with these requirements and to timely submit a proper Request for Exclusion shall result in the Settlement Class Member being bound by the terms of the Settlement.

A Request for Exclusion Form is available at www.strategicclaims.net for your convenience. You must mail or deliver your Request for Exclusion to:

Santee Cooper Securities Litigation
EXCLUSIONS
c/o Strategic Claims Services
600 North Jackson Street – Suite 205
Media, PA 19063

**To be effective, the Request for Exclusion must be completed, signed, and postmarked or delivered no later than _____** (60 days after the Preliminary Approval Date)**.**

By making this election to be excluded from the proposed Settlement:

1.      You will not receive any payments from the Settlement;

2.      You may not file an objection to the Settlement;

3.      You will not be bound by any determinations or any judgment made in this lawsuit, whether favorable or unfavorable, and you will not be entitled to any relief awarded to the Settlement Class under the Settlement or otherwise; and

4.      You may attempt to pursue any claims you have against Defendants at your own risk and expense by filing your own lawsuit.

**C.      If you wish to object to any portion of the Settlement, this is what you must do:**

If you remain a member of the Settlement Class, you have the right to object to the fairness of any aspect of the proposed Settlement.  If you wish to object, you must file with the Court a **written** statement containing objection(s) specifically referring to *Murray C. Turka, on behalf of himself and all others similarly situated v. South Carolina Public Service Authority and Lonnie C. Carter*, Case No. 2:19-cv-1102-RMG. All objections must include the following information: (1) the full name of the Class Member; (2) the current address of the Class Member; (3) identification of the Mini-Bond(s) purchased, including documents sufficient to prove membership in the Settlement Class, including the investment history in Santee Cooper Mini-Bonds during the Class Period, as well as the dates of each such purchase/acquisition and/or redemption; (4) all specific objections and the reasons in support thereof; and (5) any and all supporting papers.  If a Class Member intends to appear and request to be heard, either individually or through counsel, the Class Member or his or her counsel must file a notice of appearance no later than _____ (fifteen (15) Days before the Final Approval Hearing).  If you intend to object through counsel, your attorney must append a list of all prior objections previously filed by such counsel to class action settlements in state and federal courts, and with respect to each, provide (1) the case number; (2) the court where the prior objection was filed; and (3) the outcome of the objection.

Any Class Member who does not properly file and serve a timely written objection to the

**QUESTIONS? CALL (866) 274-4004 OR VISIT** www.strategicclaims.net

Settlement shall not be permitted to object to the Settlement at the Final Approval Hearing and shall be foreclosed from seeking review of the Settlement by appeal, collateral attack, or otherwise.

To file your objection with the Court, you must file your written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of South Carolina (Charleston Division) at the address set forth below on or before _____ (60 days after the Preliminary Approval Date). You must also serve the papers on the representatives for Class Counsel and Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____ (60 days after the Preliminary Approval Date).

| Clerk's Office | Representative for Class Counsel | Representative Counsel for Defendants |
|---|---|---|
| United States District Court District of South Carolina (Charleston Division) Clerk of Court Charleston Federal Courthouse 85 Broad Street Charleston, SC 29401 | Hopkins Law Firm, LLC William E. Hopkins, Jr. 12019 Ocean Highway P.O. Box 1995 Pawleys Island, SC 29585 | Nelson Mullins Riley & Scarborough, LLP Carmen Harper Thomas 1320 Main Street, 17th Floor Columbia, SC 29201 |

**PLEASE DO NOT CALL THE COURT. To be effective, the objection must be postmarked or delivered to the Court and Counsel no later than** _____ (no later than sixty (60) Days after the Preliminary Approval Date).

## THE FINAL APPROVAL HEARING AND RELEASE OF CLAIMS

**The Final Approval Hearing.** A final hearing to consider the fairness and adequacy of this proposed Settlement and to consider Class Counsel's Motion for Attorneys' Fees and Expenses will be held before the Honorable Richard M. Gergel on _____ **at XX:XX X.M., at the United States District Court for the District of South Carolina, Courtroom ___ of the Charleston Federal Courthouse, 85 Broad Street, Charleston, SC 29401 or via Webex or other video conferencing means and in compliance with any Standing Order regarding COVID-19**.

**Release.** The proposed Settlement is intended to resolve and terminate all claims that were raised or could have been raised by or on behalf of the Class Members as alleged in the Complaint in this matter relating to (1) the issuance of Santee Cooper Mini-Bonds during the Class Period; (2) Class Members' status as purchasers or holders of Mini-Bonds during the Class Period; (3) any act or omission of the Releasees (or any of them) regarding Releasees' representations or statements about the Project as alleged in the Action; (4) any act or omission of the Releasees (or any of them) that could have been alleged in the Action; (5) or any act or omission of the Releasees (or any of them) that could have been alleged in another action directly, representatively, derivatively, or in any other capacity in another court, tribunal, or other forum regarding Class Members' purchase of Mini-Bonds during the Class Period. The proposed Settlement, if finally approved by the Court, will result in the release by each Class Member of all such claims, **as more specifically provided in the Settlement Agreement**. The claims against Defendants alleged in the Complaint will be dismissed with prejudice as to all Class Members.

## FREQUENTLY ASKED QUESTIONS

**QUESTIONS? CALL (866) 274-4004 OR VISIT** www.strategicclaims.net

## What will it cost me to remain a member of the Settlement Class?

You will be represented by Class Counsel if you do not elect to exclude yourself from the proposed Settlement. There is no out-of-pocket cost for this representation to any member of the Settlement Class regardless of the outcome. Class Counsel agreed to handle the case on a contingent basis and to advance all attorneys' fees, litigation expenses, and costs on behalf of the Lead Plaintiff and the Settlement Class.

Class Counsel intend to file a motion for attorneys' fees to be paid from the Settlement Benefit in an amount not to exceed 33% of the Settlement Benefit and expenses advanced by Class Counsel to be paid from the Settlement Benefit, which is an amount not to exceed two million dollars ($2,000,000.00). The Court will determine whether attorneys' fees, expenses, and costs will be awarded and, if so, what the amount of the attorneys' fees, expenses, and costs will be.

## What if the address at which I received the Postcard Notice is no longer current?

If your mailing address has changed, or is expected to change in the future, or if you received the Postcard Notice at an address other than that listed on the envelope, you should send your new mailing address to the Settlement Administrator at:

Santee Cooper Securities Litigation
EXCLUSIONS
c/o Strategic Claims Services
600 North Jackson Street – Suite 205
Media, PA 19063

## Where can I get more information?

The descriptions in this Notice of the claims and Settlement documents in this case are only summaries. If you have any questions or would like more information, please contact the Settlement Administrator by phone at (866) 274-4004; by e-mail at _____; or via www.strategicclaims.net. You may also consult with your own attorney.

The Settlement Agreement and all other documents filed in this lawsuit may be reviewed and copied at the Charleston Federal Courthouse, 85 Broad Street, Charleston, SC 29401. You may also view the Settlement Agreement and other Settlement related documents at www.strategicclaims.net.

**<u>Please do not call the Judge, Clerk, or Court about this Notice or lawsuit.  They will not be able to give you advice or answer your questions.</u>**

# EXHIBIT C

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities
Class Action Settlement*

*You may be entitled to a payment.
This Notice may affect your legal rights.*

*Please read it carefully.*

Turka v. South Carolina Public Service Authority, et al. (Securities Litigation)
c/o Strategic Claims Services
600 N. Jackson Street, Suite 3
Media, PA 19063

---

*Turka v. South Carolina Public Service Authority, et al. Case No. 2:19-cv-1102-RMG (D.S.C.)*
THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

There has been a proposed Settlement of all claims against South Carolina Public Service Authority ("Santee Cooper") and Lonnie Carter ("Carter") (collectively, "Defendants"). The Settlement resolves a lawsuit in which Lead Plaintiff alleges that, in violation of the federal securities laws, Santee Cooper's offering documents for Mini-Bonds contained materially false and misleading statements or omitted material information, causing damages to members of the Settlement Class. Defendants deny any wrongdoing.

You received this Notice because you or someone in your family may have acquired Santee Cooper Mini Bonds pursuant to  2014, 2015, and 2016 offering documents. The Settlement provides that, in exchange for dismissal of this action and release of claims known and unknown against Defendants, Defendants will pay or cause to be paid into a fund two million dollars ($2,000,000.00) in cash ("Settlement Benefit"). The Settlement Benefit, less attorneys' fees and expenses, will be divided among all Class Members. **NO ACTION IS REQUIRED TO OBTAIN YOUR PORTION OF THE SETTLEMENT BENEFIT**. For a full description of the Settlement and your rights, please view a full notice of the Settlement at www.strategicclaims.net.   If, by operation of law, you have transferred your interest in a Mini-Bond to another individual, that individual is entitled to a disbursement under this Settlement. If such a transfer has occurred, you can contact the Settlement Administrator through the website.

No actions are required by you to qualify for payment. The Settlement Benefit will be distributed to Class Members on a pro rata plan to be approved by the Court.  Payments from the Settlement Benefit will be made proportionately to Class Members after deducting (1) attorneys' fees and litigation expenses approved by the Court; (2) certain tax expenses; and (3) a service award to the Lead Plaintiff approved by the Court. Counsel estimates that Class Members will receive approximately $5.53 per $500 invested in Santee Cooper Mini Bonds during the Class Period.

If you do not want to be legally bound by the Settlement, you must exclude yourself by _____ __, 2021, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to any portion of the Settlement by _____ __, 2021.  The website explains how to exclude yourself or to object.

The Court will hold a hearing in this case on ___, 2021 at __:__ a.m. at the  Charleston Federal Courthouse, 85 Broad Street, Charleston, SC 29401 or via Webex or other video conferencing means and in compliance with any Standing Order regarding COVID-19, to consider whether to approve the Settlement, the Plan of Distribution, and a request for attorneys' fees of up to 33%, plus actual expenses, for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you are not required to. For more information, call toll-free (866) 274-4004, or visit the website, www.strategicclaims.net.

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MURRAY C. TURKA, on Behalf of Himself and All Others Similarly Situated, ) ) ) | Civil Action No.  2:19-cv-1102-RMG |
| Plaintiffs, ) ) ) | |
| v. ) ) ) | **[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |
| SOUTH CAROLINA PUBLIC SERVICE AUTHORITY and LONNIE N. CARTER, ) ) ) | |
| Defendants. ) ) ) | |

WHEREAS, the above-captioned securities class action is pending in this Court and is entitled *Turka v. South Carolina Public Service Authority and Lonnie N. Carter*, Case No. 2:19-cv-1102-RMG (the "Action");

WHEREAS, (a) Lead Plaintiff Murray C. Turka ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below); and (b) Defendants South Carolina Public Service Authority ("Santee Cooper") and Lonnie N. Carter ("Carter" and collectively with Santee Cooper, "Defendants") (Lead Plaintiff and Defendants, collectively, the "Parties"), have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Settlement Agreement and Release dated January __, 2021 (the "Settlement Agreement" or "Agreement") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated _____ __, 20__ (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule

23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class as ordered by the Court;

WHEREAS, the Court conducted a hearing on _____ __, 2021 (the "Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants;

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Order incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on January 25, 2021; and (b) the Long Notice and the Postcard Notice, both of which were filed with the Court on January 25, 2021.

3.    **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all Persons who purchased or otherwise acquired and owned Santee Cooper Mini-Bonds from May 1, 2014 through July 31, 2017, inclusive, and who were damaged thereby, and including those Persons' successors in interest, transferees in interest, assigns, or beneficiaries, if any. Excluded from the Class are Defendants; members of the immediate family of any Defendant who is an individual; the officers and directors of Santee Cooper during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by timely submitting a request for exclusion that is accepted by the Court.

4.    **Class Findings** – The Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiff Murray C. Turka as class representative for the Settlement Class and appoints Lead Counsel The

Weiser Law Firm, P.C. and Liaison Counsel, Hopkins Law Firm, LLC, as Class Counsel for the Settlement Class. Lead Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.      **Notice** – The Court finds that the dissemination of the Long Notice and the publication of the Postcard Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Class Counsel's motion for an Attorney Fee/Litigation Cost Award; (iv) their right to object to any aspect of the Settlement, the Distribution Plan, and/or Class Counsel's motion for an Attorney Fee/Litigation Cost Award; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

7.      Defendants have complied with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, et seq. Defendants, through the Settlement Administrator, timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b). The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that: (a) Lead Plaintiff and Class Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, damages, and delay of trial and appeal; and the proposed means of distributing the Settlement Benefit to the Settlement Class; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

9. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

10. **Binding Effect** – The terms of the Settlement Agreement and of this Order shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members, as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order.]

11. **Releases and Injunctions** – The Releases set forth in Section IV of the Settlement Agreement, together with the definitions contained in Section I of the Settlement Agreement

relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

   a.  Upon the Effective Date, the Releasors do hereby unconditionally, completely, and irrevocably release and dismiss each and all Releasees with prejudice and on the merits. The Releasors (regardless of whether any such Releasor ever obtains any recovery by any means, including, without limitation, by receiving any distribution from the Settlement Benefit) shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees.

   b.  Upon the Effective Date, Releasees shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Releasors of any and all claims and causes of action of every nature and description, whether known claims or unknown claims, whether arising under federal, state, common, or foreign law, which arise out of the Santee Cooper Mini-Bonds. The Releasees shall forever be barred and enjoined from prosecuting any or all of the claims and only those claims as described against Releasors. Releasees do not release any claims relating to the enforcement of the Settlement or any claims against any Person who submits a Request for Exclusion that is accepted by the Court.

12.   Notwithstanding paragraphs 11(a) – (b) above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Final Approval Order.

13.   **Bar Order.** The Final Approval Order shall contain a bar order ("Bar Order") that

shall, upon the Effective Date, consistent with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7) (the "PLSRA"), permanently bar, extinguish, and discharge to the fullest extent permitted by law any and all claims for contribution or indemnification arising out of any Released Claims.  The Bar Order shall bar all claims for contribution or indemnification (a) by any Person against any Releasee and (b) by any Releasee against any Person other than a Releasee.

14.    **Judgment Reduction** – Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), any verdict or judgment that Lead Plaintiff or any other Settlement Class Member may obtain on behalf of the Settlement Class or t Class Member against any Person subject to the Bar Order shall be reduced by the greater of (a) an amount that corresponds to the percentage responsibility of the Releasees for common damages; or (ii) the portion of the Settlement Amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class member for common damages.

15.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

16.    **No Admissions** – Neither this Order,  the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Distribution Plan contained therein (or any other form of plan of distribution that may be approved by the Court), the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection the Settlement Agreement, and/or approval of the Settlement (including any arguments proffered in connection therewith):

   a.  Shall be offered against any of the Releasees as evidence of, or construed as, or

deemed to be evidence of any presumption, concession, or admission by any of the Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Releasees or in any way referred to for any other reason as against any of the Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

b.  Shall be offered against any of the Releasors, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasors that any of their claims are without merit, that any of the Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Benefit or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason related to the Mini-Bonds as against any of the Releasors, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; or

c.  Shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial. However, the Parties and the Releasees and their respective counsel may refer to this Order and

the Settlement Agreement to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

17.    **Retention of Jurisdiction** – Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, including the interpretation and enforcement of all injunctions set forth herein; (b) the disposition of the Settlement Benefit; (c) any motion for or related to an Attorney Fee/Litigation Cost Award by Class Counsel in the Action that will be paid from the Settlement Benefit; (d) any motion to approve the Distribution Plan; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

18.    Separate orders shall be entered regarding approval of a plan of distribution and the motion of Class Counsel for an Attorney Fee/Litigation Cost Award. Such orders shall in no way affect or delay the finality of this Order and shall not affect or delay the Effective Date of the Settlement.

19.    **Modification of the Settlement** Agreement– Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

20.    **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date otherwise fails to occur, this Order shall be vacated

and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Settlement Agreement on January __, 2021, as provided in the Stipulation.

21.     **Entry of Final Approval Order** – There is no just reason to delay the entry of this Order as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action**.**

SO ORDERED this _____ day of _____, 2021.

_____

The Honorable Richard M. Gergel
United States District Judge