IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MURRAY C. TURKA, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTH CAROLINA PUBLIC SERVICE AUTHORITY and LONNIE N. CARTER,<br><br>Defendants. | Civil Action No. 2:19-cv-1102-RMG |

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

Before the Court is Lead Plaintiff's motion for final approval of class action settlement. (Dkt. No. 74.) The motion is granted and the Court makes the following findings:

WHEREAS, the above-captioned securities class action is pending in this Court and is entitled *Turka v. South Carolina Public Service Authority and Lonnie N. Carter*, Case No. 2:19-cv-1102-RMG (the "Action");

WHEREAS, (a) Lead Plaintiff Murray C. Turka ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below); and (b) Defendants South Carolina Public Service Authority ("Santee Cooper") and Lonnie N. Carter ("Carter" and collectively with Santee Cooper, "Defendants") (Lead Plaintiff and Defendants, collectively, the "Parties"), have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Settlement Agreement and Release dated January 25, 2021 (the "Settlement Agreement" or "Agreement") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have

1

the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated February 11, 2021 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class as ordered by the Court;

WHEREAS, the Court conducted a hearing on May 12, 2021 (the "Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants;

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and

each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Order incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on January 25, 2021; and (b) the Long Notice and the Postcard Notice, both of which were filed with the Court on January 25, 2021.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all Persons who purchased or otherwise acquired and owned Santee Cooper Mini-Bonds from May 1, 2014 through July 31, 2017, inclusive, and who were damaged thereby, and including those Persons' successors in interest, transferees in interest, assigns, or beneficiaries, if any. Excluded from the Class are Defendants; members of the immediate family of any Defendant who is an individual; the officers and directors of Santee Cooper during the Class Period; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by timely submitting a request for exclusion that is accepted by the Court.

4. **Class Findings** – The Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is

superior to other available methods for the fair and efficient adjudication of the Action.

5.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiff Murray C. Turka as class representative for the Settlement Class and appoints Lead Counsel The Weiser Law Firm, P.C. and Liaison Counsel, Hopkins Law Firm, LLC, as Class Counsel for the Settlement Class. Lead Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.    **Notice** – The Court finds that the dissemination of the Long Notice and the publication of the Postcard Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Class Counsel's motion for an Attorney Fee/Litigation Cost Award; (iv) their right to object to any aspect of the Settlement, the Distribution Plan, and/or Class Counsel's motion for an Attorney Fee/Litigation Cost Award; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

7.    Defendants have complied with the Class Action Fairness Act of 2005 ("CAFA"),

28 U.S.C. §1715, et seq. Defendants, through the Settlement Administrator, timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b). The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

8.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that: (a) Lead Plaintiff and Class Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, damages, and delay of trial and appeal; and the proposed means of distributing the Settlement Benefit to the Settlement Class; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

9.     The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

10.     **Binding Effect** – The terms of the Settlement Agreement and of this Order shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members, as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded

from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order.]

11. **Releases and Injunctions** – The Releases set forth in Section IV of the Settlement Agreement, together with the definitions contained in Section I of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

   a. Upon the Effective Date, the Releasors do hereby unconditionally, completely, and irrevocably release and dismiss each and all Releasees with prejudice and on the merits. The Releasors (regardless of whether any such Releasor ever obtains any recovery by any means, including, without limitation, by receiving any distribution from the Settlement Benefit) shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees.

   b. Upon the Effective Date, Releasees shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Releasors of any and all claims and causes of action of every nature and description, whether known claims or unknown claims, whether arising under federal, state, common, or foreign law, which arise out of the Santee Cooper Mini-Bonds. The Releasees shall forever be barred and enjoined from prosecuting any or all of the claims and only those claims as described against Releasors. Releasees do not release any claims relating to the enforcement of the Settlement or any claims against any Person who submits a Request for Exclusion that is accepted by the Court.

12.     Notwithstanding paragraphs 11(a) – (b) above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Final Approval Order.

13.     **Bar Order.** The Final Approval Order shall contain a bar order ("Bar Order") that shall, upon the Effective Date, consistent with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7) (the "PLSRA"), permanently bar, extinguish, and discharge to the fullest extent permitted by law any and all claims for contribution or indemnification arising out of any Released Claims.  The Bar Order shall bar all claims for contribution or indemnification (a) by any Person against any Releasee and (b) by any Releasee against any Person other than a Releasee.

14.     **Judgment Reduction** – Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), any verdict or judgment that Lead Plaintiff or any other Settlement Class Member may obtain on behalf of the Settlement Class or t Class Member against any Person subject to the Bar Order shall be reduced by the greater of (a) an amount that corresponds to the percentage responsibility of the Releasees for common damages; or (ii) the portion of the Settlement Amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class member for common damages.

15.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

16.     **No Admissions** – Neither this Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Distribution Plan contained therein (or any other form of plan of distribution that may be approved by the Court), the negotiations leading to

the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection the Settlement Agreement, and/or approval of the Settlement (including any arguments proffered in connection therewith):

    a. Shall be offered against any of the Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Releasees or in any way referred to for any other reason as against any of the Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

    b. Shall be offered against any of the Releasors, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasors that any of their claims are without merit, that any of the Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Benefit or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason related to the Mini-Bonds as against any of the Releasors, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; or

8

  c. Shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial. However, the Parties and the Releasees and their respective counsel may refer to this Order and the Settlement Agreement to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

  17. **Retention of Jurisdiction** – Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, including the interpretation and enforcement of all injunctions set forth herein; (b) the disposition of the Settlement Benefit; (c) any motion for or related to an Attorney Fee/Litigation Cost Award by Class Counsel in the Action that will be paid from the Settlement Benefit; (d) any motion to approve the Distribution Plan; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

  18. Separate orders shall be entered regarding approval of a plan of distribution and the motion of Class Counsel for an Attorney Fee/Litigation Cost Award. Such orders shall in no way affect or delay the finality of this Order and shall not affect or delay the Effective Date of the Settlement.

  19. **Modification of the Settlement** Agreement– Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court,

Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

20. **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Settlement Agreement on January 25, 2021, as provided in the Stipulation.

21. **Entry of Final Approval Order** – There is no just reason to delay the entry of this Order as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action**.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 12, 2021
Charleston, South Carolina